SIMON MUHR and others, partners, trading as H. MUHR'S SONS *vs.* SAMUEL PINOVER, Garnishee of ALFRED PRINCE.

*Assignment for the Benefit of Creditors—Property Exempt by Law from Execution—Act of 1861, ch. 7.*

An assignment for the benefit of creditors is not made fraudulent and void as to such because of a reservation by the assignor of so much of his property as is exempt by law from execution; such reservation not operating in any manner to "hinder, delay, or defraud" the creditors of their just demands against the debtor.

The Act of 1861, ch. 7, which exempts from execution $100 worth of the debtor's property, and which was passed in pursuance of section 44 of Article 3 of the State Constitution, should be construed liberally, and under its provisions, a debtor who has executed an assignment for the benefit of his creditors, should be allowed, under the supervision of a Court of equity on application of the assignee, or any other party in interest, to retain the amount which by law is exempted from execution.

The latter part of section 3, of chap. 7, of the Act of 1861, does not mean that the debtor's right to claim $100 out of the proceeds of sale made by the officer under an execution, shall be confined to

cases in which the officer has levied on a single parcel of land, or a single article of personal property, but means that where he has levied on a single piece of property, being all the property of the debtor, the officer shall not sell the same, unless it shall bring more than $100.

Appeal from the Superior Court of Baltimore City.

On the 23rd of December, 1884, Alfred Prince executed to Samuel Pinover a deed of trust for the benefit of creditors, whereby he conveyed "all his property and estate of any and every kind and description, except what may by law be exempted from execution." On the 13th of February, 1885, the appellants, creditors of the grantor, caused an attachment on original process to be issued against him and laid in the hands of Pinover. On the 2nd of June, 1886, judgment in the short note case was recovered by the plaintiffs against Prince for $650.97, and on the 25th of September, 1886, the attachment case was submitted to the Court without the aid of a jury ; and on the 29th of October, 1886, verdict and judgment were rendered in favor of the garnishee. At the trial of the attachment case the plaintiffs prayed the Court to rule that the deed of trust, which had been offered in evidence, was fraudulent and void on its face, which the Court (FISHER, J.) refused, and ruled that the deed was valid. To this refusal and ruling the plaintiffs excepted, and took this appeal.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*M. R. Walter*, for the appellants.

The only question in the case is, whether the clause— "except what may by law be exempted from execution"— in the deed of trust, makes the deed void ? The appellants claim that it does, and that the Court below should have so held.

"A debtor in failing or embarrassed circumstances may, it is true, convey all his property in trust for the payment of creditors. The objections which at first blush suggest themselves on the ground that such conveyances must necessarily, to some extent, hinder and delay creditors, are upon further consideration answered by the fact that the debtor has in good faith dedicated all his property of every kind to the payment of his debts, and in cases, especially where no preference is given, this is all the creditors have any right to expect, and all the law ought to exact." *National Park Bank vs. Lanahan*, 60 *Md.*, 510.

"That a debtor cannot in a voluntary deed for the benefit of creditors, reserve any part of his property for his own benefit or stipulate for any advantage to himself or family, without rendering the deed void, is unquestioned law, and has been well settled by the decisions of this Court." *Hoopes vs. Knell*, 31 *Md.*, 554.

The exemption from execution is fixed by the Act of 1861, ch. 7. Section 1, of that Act declares "that $100.00 worth of property of each defendant therein shall be exempt from execution;" and the second section provides "that each defendant in any such execution may *select property*, real or personal, to the value of $100.00." Section 3, provides that money can be given if the property, real or personal, *cannot be divided;* but this has no application here, for the property conveyed to Pinover, consisted of a miscellaneous stock of goods.

"Property only shall be exempted, and the debtor has no right to demand an equivalent in money therefor. * * * The exemption is of property, and the right to select the property to be exempted, is given." *State, use of Young vs. Boulden*, 57 *Md.*, 318.

The precise time when this claim and selection shall be made is not specified. *Idem, page* 319.

By the deed, Prince has reserved to himself not $100.00 in money, but $100.00 in property to be selected by him,

and the trustee cannot set apart any particular portion of the property conveyed, but must submit to the exercise of the privilege reserved to the grantor of taking any property embraced in the deed, and until the privilege has been exercised, the trustee is virtually prevented from treating any of the property conveyed as his own.

It is not a grant of the property of the grantor less certain specified articles, but a grant of all with the right at any time after the execution of the deed, to take from the trustee any property, not exceeding the value exempt from execution, that may have come to the hands of the trustee.

The trustee is of the grantor's own selection, stands in the place of the grantor, can assert no claim to property which the grantor himself could not, (*Luckemeyer vs. Seltz,* 61 *Md.,* 324,) and administers the trust under the provisions of the deed, by which he is governed (*Wait on Fraud. Conv.,* sec. 316,) according to his own discretion.

In the case of *Clark vs. Robinson,* 8 *Kansas,* 574, it was held that when the assignment by its terms, reserved to the assignors $800.00 worth of property assigned, to be afterwards selected by the assignors themselves, the deed is void upon its face. See also *Sugg vs. Tillman,* 2 *Swan.,* 208.

*M. Star Weil,* for the appellee.

If the debtor owns property, that is exempt absolutely and unconditionally, no conveyance of it can injure or defraud the creditors. The creditors, as to such property, *are not deemed to be creditors,* so as to make a transfer of it a matter of concern to them. *Bump on Fraud. Conv.,* (*3rd Ed.,*) 245 ; *Erb vs. Cole,* 31 *Ark.,* 554 ; *Dart vs. Woodhouse,* 40 *Mich.,* 399 ; *Vaughan vs. Thompson,* 17 *Ill.,* 78 ; *Ketchum vs. Allen,* 46 *Conn.,* 414 ; *Crummen vs. Bennett,* 68 *N. C.,* 494 ; *Smith vs. Allen,* 39 *Miss.,* 469 ; *Youmans vs. Boomhower,* 3 *T. & C.,* 21 ; *Whiting vs. Barrett,* 7 *Lans.,* 106 ; *Kulage vs. Schueler,* 7 *Mo. Ap.,* 250.

Had the deed of trust not been executed, the creditors of the grantor would not have had any rights against such of his property as was by law exempt from execution. In order to make a voluntary conveyance void as to creditors, it is indispensable that it should transfer property which would be liable to be taken in execution, for the payment of the debts of the grantor.

The Statute of 13th Elizabeth did not intend to enlarge the remedies of creditors, or to subject to execution any property which was not already, in law or equity, subject to the rights of creditors.

It would be a strange anomaly to declare that to be a fraud upon creditors which in no respect varied their rights or remedies. 1 *Story's Eq. Jur.*, sec. 367, *p.* 374.

Certainly it would be very inconsistent to say that a debtor's disposal of property, and which property, in so far as the creditor and his claims are concerned, may be said to have no existence at all, is a fraud upon the creditor. *Smith vs. Rumsey*, 33 *Mich.*, 191; *Story's Eq.*, sec. 367, and cases cited; *Mathews vs. Feaver*, 1 *Cox's Eq.*, 278.

Property which is exempt by law from execution, is not the subject of levy, and cannot be conveyed in fraud of creditors. *Bond vs. Seymour*, 1 *Chand.*, (*Wis.*,) 47.

No creditor *can be*, in legal contemplation, defrauded by a mere conveyance made by his debtor, of any of his property, which such creditor has no right by law to appropriate or even to touch by any civil process. *Legro vs. Lord*, 10 *Me.*, 165.

In order to make even a voluntary conveyance void as to creditors, existing or subsequent, it is indispensable that it should transfer property which would be liable to be taken for the payment of debts. *Wood vs. Chambers*, 20 *Tex.*, 254, citing *Story's Eq.*, sec. 367. See *Cox vs. Shropshire*, 25 *Tex.*, 124, approved in *Martel vs. Somers*, 26 *Tex.*, 551; *Lishy vs. Perry*, 6 *Bush*, 515–517; *Pike vs. Miles*, 23 *Wis.*, 168, approving *Dreutzer vs. Bell*, 11

*Wis.*, 118; *Anthony vs. Wade,* 1 *Bush,* (*Ky.,*) 112; *Monroe vs. May,* 9 *Kans.*, 476.

The reservation of such property as is exempt by law from levy under execution, is consistent with the rights of creditors. *Burrill on Assignments,* (4th Ed.,) sec. 202, p. 284.

There are portions of a debtor's property which the law expressly exempts from the process of creditors; and these, of course, he is allowed to except and retain out of the general conveyance. *Burrill on Assignments,* sec. 96, *p.* 137, and cases cited.

The deed does not reserve any right of possession or control of any character by the grantor, in or over the trust property, or any part thereof, but provides expressly that the property shall be speedily sold ; and if he desired to claim his exemption thereout, he must elect promptly, or he would lose the privilege. The grantor, if he would not lose the right, must make his claim promptly, so as not to cause delay. Should he neglect this proviso, his right is forfeited. *State, use of Young vs. Boulden, Sheriff, et al.,* 57 *Md.,* 320.

"To entitle himself to it, (the exemption,) the debtor must make the demand in such season that the proceedings shall not be delayed." *McAfoose's Appeal,* 32 *Pa. St.,* 277.

The claim is not allowable if the necessary consequence will be to *postpone* the sale. *Bowyer's Appeal,* 21 *Penn. St.,* 210 ; *Bair vs. Steinman,* 52 *Pa. St.,* 423 ; *Hammer vs. Freeze,* 19 *Pa. St.,* 257; *Brant's Appeal,* 20 *Pa. St.,* 142; *Diehl vs. Holben,* 39 *Pa. St.,* 213 ; *Strouse vs. Becker,* 44 *Pa. St.,* 206; *Hill vs. Johnston,* 29 *Pa. St.,* 363; *Borland vs. O'Neal,* 22 *Cal.,* 506 ; *White vs. Thompson,* 3 *Oregon,* 115 ; *Seaman vs. Luce,* 23 *Barb.,* 240; *Conley vs. Chilcote,* 25 *Ohio St.,* 320; *Butt vs. Green,* 29 *Ohio,* 671 ; *Frost vs. Shaw,* 3 *Ohio,* 270 ; *Mulford vs. Shirk,* 26 *Pa. St.,* 474 ; *Hildebrand vs. Bowman,* 100 *Pa. St.,* 582 ; *Heckman vs.*

*Messinger,* 49 *Pa. St.,* 465 ; *Bausman's Appeal,* 90 *Pa. St.,* 180.

If the deed of trust had not been executed, the debtor would have had the right to select such property as he might choose, as exempt by law from execution, provided he did not cause delay by so doing. He has the same right, and no other, against the assignee. And there can be no hindering or delaying of creditors by claiming against the assignee the same right, (and no other,) that he would have had against the execution creditor.

"The assignment is not void on its face for excepting property exempt from execution, without specifying it. A *bona fide* selection is as practicable here as under a levy." *Smith vs. Mitchell,* 12 *Mich.,* 190, affirmed in *Brooks vs. Nichols,* 17 *Mich.,* 40.

Deeds of trust for the benefit of creditors, exacting no releases, are not void solely upon the ground that they do not convey all the property of the grantor. *Hoopes vs. Knell,* 31 *Md.,* 554 ; *Price vs. Deford,* 18 *Md.,* 496; *Berry vs. Matthews,* 13 *Md.,* 537.

ROBINSON, J., delivered the opinion of the Court.

The debtor in this case, being in failing circumstances, made an assignment of all his property, except so much thereof as is exempt by law from execution, for the benefit of his creditors. And the question is whether the reservation of property exempt from execution, makes the assignment *fraudulent and void as to creditors?* If it does, it must be because such a reservation operates in some way "to *hinder, delay or defraud*" the creditors of their just demands against the debtor. An assignor has no right, of course, to reserve any part of his property for the benefit of himself or his family, which, by any process at law or in equity, could be made liable for the payment of his debts. But when the law itself exempts certain property of the debtor from execution, property in regard to

which the creditors can have no interest or concern, and which cannot be made subject to the payment of their demands, we do not see on what grounds the reservation of such property can be said to be in fraud of creditors. It certainly does not operate in any manner to delay, hinder or defraud them of their rights, because it does not in any way interfere with their remedies, nor does it take from them any property of the assignor, which could be sold for the payment of their claims. This seems too plain for argument. To make such an assignment void there must be a reservation of property which could be made subject to the payment of the debts of the assignor. And with the exception of *Sugg vs. Tillman*, 2 *Swan*, 208, and which was subsequently qualified by *Farquharson vs. McDonald*, 2 *Heisk.*, 404, the decisions in this country are uniform in regard to the question. *Heckman vs. Messinger*, 49 *Penn.*, 465; *Mulford vs. Shirk*, 26 *Penn.*, 473; *Dow vs. Platner*, 16 *N. Y.*, 562; *Smith vs. Mitchell*, 12 *Mich.*, 180; *Brooks vs. Nichols, et al.*, 17 *Mich.*, 38; *Simpson vs. Roberts*, 35 *Ga.*, 180; *Canal Bank vs. Cox*, 6 *Me.*, 395.

But then it is said the Act of 1861 exempts the property of the debtor only from sale under execution, and makes no provision for the exemption of property under an assignment for the benefit of creditors. This may be so, but the Act of 1861 was passed in pursuance of the State Constitution, which provides that "Laws shall be passed by the General Assembly to protect from execution a reasonable amount of the property of the debtor, not exceeding in value, the sum of five hundred dollars." The object of the law was to prevent a debtor from being stripped of all his property, and it ought to be liberally construed. As his property could be taken and sold only by way of execution, it provided in terms for the exemption in such cases. By the terms of the Act, the debtor may select property to the value of one hundred dollars to be ascertained by three appraisers to be summoned and sworn by

the officer levying the execution.  And if the property cannot be divided so as to set apart a portion of it, of the value of one hundred dollars, without loss and injury to all parties concerned, then the property is to be sold, and the debtor is to be awarded one hundred dollars of the proceeds of sale.  Now an assignee for the benefit of creditors is in equity, a trustee for all parties in interest, and although the Act of 1861 makes no provision by means of which the property exempt may be ascertained under a voluntary assignment, yet we see no reason why this may not be done under the supervision of a Court of equity on application of the assignee, or any other party in interest.  No provision is made by the Act, where the debtor applies for the benefit of the insolvent laws; and yet in such cases the exemption is made under the direction of the insolvent Court.  Construing the Act of 1861, in connection with the provision in the Constitution, it is clear, we think, the Legislature meant to exempt under all circumstances the property of the debtor of the value of one hundred dollars from the claims and demands of his creditors.  It would be, it seems to us, a narrow construction to declare an assignment for the benefit of creditors fraudulent and void, merely because the debtor reserved from its operation, property which the law itself exempts from execution.

The latter part of sec. 3, of ch. 7, of the Act of 1861, does not mean that the debtor's right to claim one hundred dollars out of the proceeds of sale made by the officer, shall be confined to cases in which the officer has levied on a *single parcel of land*, or a single *article of personal property*.  Such a construction would practically defeat the object of the law, but it is to be construed as meaning that where he has levied on a single piece of property, being all the property of the debtor, the officer shall not sell the same, unless it shall bring more than one hundred, dollars.  The case of *State, use of Young vs. Boulden*, 57

*Md.*, 314, is not in conflict with this view. There the Court held that the right of exemption was one which the debtor could waive, and one which he must claim before the property is sold. If he does not make the claim, but stands by and permits the officer to sell the property, he will not be allowed to claim one hundred dollars out of the proceeds of sale, under sec. 3, of the Act, for the reason that he is only entitled to one hundred dollars in cases where he cannot select property of that value without loss and injury to all parties in interest. When this cannot be done, the Act directs the officer to sell the property, and allows the debtor to claim one hundred dollars out of the proceeds of sale.

*Judgment affirmed.*

(Decided 23rd June, 1887.)