(Decided 13th November, 1891.)

---

DAVID DARBY, and others, trading as DARBY & Co. *vs.* GEORGE W. ROUSE.

*Foreclosure of Mortgage—Exemption under the Act of 1861, ch. 7—Objection to Auditor's Account—Practice in the Court of Appeals.*

Where property is sold under a foreclosure of mortgage, the mortgagor is properly allowed out of the surplus proceeds of sale, as against judgment creditors, an exemption of one hundred dollars, as provided by the Act of 1861, ch. 7, exempting a certain amount of property from execution.

Objection to the claim of exemption on the ground that the claimant had other property, not having been raised by exception in the Court below, will not be considered in the Appellate Court.

APPEAL from the Circuit Court for Kent County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Hope H. Barroll,* for the appellant.

*James Alfred Pearce,* for the appellee.

IRVING, J., delivered the opinion of the Court.

Charles A. Rouse and George W. Rouse executed a mortgage to John S. Bowers upon certain real estate in Kent County, Maryland, to secure the payment of five hundred dollars and interest. The mortgage provided that in case of default in payment according to stipulation, John H. Urie was made trustee to sell the property for the payment of the debt, and after paying the mortgage to pay the surplus to the grantors. Default having occurred, the trustee appointed in the mortgage bonded, sold the property, and reported his sale to the Court which ratified the same. An auditor's report was made, which, after paying the mortgage debt and expenses, awarded the surplus, viz., two hundred and forty-five dollars and thirty-seven cents, to the mortgagors. Before this audit was finally ratified the appellants, on their own behalf and the behalf of other creditors of the mortgagors, filed a petition alleging that appellants had a judgment against the mortgagors rendered by a Justice of the Peace, and which had been recorded in the Clerk's office of Kent County, and asking that the surplus proceeds of sale be applied to the payment of appellants' claim and the claims of other creditors of the mortgagors who might desire the benefit thereof, and come in and prove their claims.

The Court thereon passed an order sending the case to the auditor, and directing him to give notice to the creditors of the mortgagors to file their claims. This was done, claims were filed, and the auditor proceeded to state an account between the creditors of the grantors and the sum awarded them in the first audit, which was ratified and confirmed, except as to the sum awarded to the mortgagors.

The auditor, by direction of counsel, stated two accounts, in one of which he allowed the mortgagor, George W. Rouse, an exemption of one hundred dollars

claimed by him, and in the other disallowed that claim. The appellants filed exceptions to the allowance of the exemption claim of George W. Rouse, but the Court overruled their exceptions, and ratified the audit making the allowance for exemption; and from the Court's order this appeal was taken. The sole question before us is whether the exemption was properly allowed. We have no doubt that it was. It is contended on the part of the appellants that this is not a case for exemption because it is not a sale under an execution; and that the law does not provide for exemption except where property is sold under execution. A contrary view has been taken by this Court in *Muhr's Sons vs. Pinover, Garn.*, 67 *Md.*, 488. In that case the Court said: "Construing the Act of 1861 in connection with the provision of the Constitution, it is clear, we think, the Legislature meant to exempt, under all circumstances, the property of the debtor of the value of one hundred dollars from the claims and demands of his creditors." The Court further said "the object of the law was to prevent a debtor from being stripped of all his property, and it ought to be liberally construed." To confine the exemption to cases where an execution had actually been issued, and to disallow it where one had not been issued, although all the property of the debtor was being sold under legal proceeding, would be giving the law "too narrow" a construction, and so holding in the case just quoted from, exemption was accorded where assignment was made for the benefit of creditors reserving the right to exemption. The case of *State, use of Young vs. Boulden, Sheriff, et al.*, 57 *Md.*, 314, was there held not to conflict with this view, because that was a case where execution had been issued and levied upon personal chattels, and the question was as to the legal way of executing the law, and when the claim for exemption in such case must be made. Here the property was sold under the mortgage against which there was no right to exemption. A surplus after pay-

Darby *vs.* Rouse.

ing the mortgage debt was left. This the creditors, who could have redeemed the mortgage and sold the property under execution, claim because it is not .now reachable by execution on their judgment; and there would certainly seem to be no equitable reason why they should take that balance free from the debtor's claim to exemption, when they could not have sold the property under execution without allowing the claim by way of exemption. Under execution the equity of redemption could have been sold, and had it been the proceeds would have been subject to allowance for exemption; and therefore it is but right to allow the exemption from this balance after paying off the mortgage debt.

But it is further urged that no foundation was laid for this allowance, because it does not appear that the debtor did not have other property. He has made the claim, and if he had other property the caveator should have alleged that fact in his exceptions, and the truth would have been elicited by proper issue. But no such ground of exception is found in the exceptions. It is not alleged that he had other property, nor is the point made in the exception that it was the duty of appellees to so aver and prove. In the brief in this Court it is said that he had other property, but it does not appear that the Court below was ever called on to consider such question. The uniform practice is that no objection to an auditor's report will be considered that is not made in the exceptions to it. In *Scrivener's Adm'r vs. Scrivener's Ex'rs*, 1 *H. & J.*, 743, it was decided that the particular ground of exception must be pointed out in the exception to the auditor's report; and that a general exception was insufficient. In this case none of the specific grounds of exception will include those now made, for the first time, in this Court. The order appealed from must be affirmed.

*Order affirmed.*

(Decided 13th November, 1891.)