Denis Ray OSWALD, Plaintiff-Appellee,

v.

ITT FINANCIAL SERVICES, Defendant-Appellant.

No. 86–4024–CV–C–5.

United States District Court, W.D. Missouri, C.D.

April 23, 1986.

Maurice B. Soltz, Kansas City, Mo., for defendant-appellant.

Roger G. Brown, Jefferson City, Mo., for plaintiff-appellee.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

There are two issues presented in this Bankruptcy appeal: (1) whether the creditor was barred from opposing the debtors' Motion to Avoid Lien by failing to file an answer within fifteen days after receiving notice of the debtors' motion; and (2) assuming the creditor was not barred from challenging the debtors' motion, whether the debtors' four guns are "household goods" within the meaning of § 522(f)(2)(A). For the reasons set forth below, the Court will rule in favor of the creditor on both issues.

### I. *Background*

On December 8, 1984, the debtors financed the purchase of some furniture with a loan from the creditor. On April 2, 1985, the debtors borrowed an additional $1,483.00 from the creditor. As additional security for this loan, the debtors gave the creditor a lien on some other property, including the four firearms at issue in this appeal. The debtors declared bankruptcy and, on September 6, 1985, they filed a Motion to Avoid Lien on the four firearms. On October 4, 1985, the Court mailed a notice of this motion to the creditor which stated that the creditor must file an answer within fifteen (15) days to oppose the motion. The notice also set a trial date of November 19, 1985, on this motion. The creditor did not file an answer. On November 18, 1985, an *ex parte* default judgment was taken by the debtors with respect to their motion. When the creditor became aware of this fact, it immediately filed a motion to set aside the default judgment. On December 9, 1985, the Bankruptcy Judge denied the creditor's motion to set aside the default judgment, holding that the firearms in this case were household goods and, therefore, the non-purchase money liens on the guns were properly voided under 11 U.S.C. § 522(f)(2)(A). The creditor appealed.

### II. *Discussion*

As noted above, the first issue before the Court is whether the creditor's motion to set aside the default judgment should have been denied. After studying Judge Barker's opinion of December 9, 1985, this Court finds that the Bankruptcy Court did *not* deny this motion because of inexcusable delay on the part of the creditor. Instead, Judge Barker denied the creditor's motion because he found that the creditor's opposition to the debtors' motion to set aside the lien was not meritorious. Thus, the Bankruptcy Court denied the creditor's motion on the merits of the lien advoidance issue, not on timeliness grounds.

■ This Court believes that the creditor's motion to set aside the default judgment should have been granted. As noted above, a trial on the debtors' motion to avoid the liens was scheduled for November 19, 1985. The day before that trial—on November 18, 1985—the debtors obtained their default judgment. There is every indication that the creditor was prepared to go to trial on November 19. In addition, the Court notes that the creditor's failure to file a timely answer to the debtors' motion was the result of excusable neglect. The October 4, 1985 notice form which stated that failure to file an answer would result in a default judgment had been instituted in Bankruptcy Court just that month; prior to October, 1985, the standard notice and practice provided that the trial on a lien avoidance motion would go forward whether or not an answer was filed. Under these circumstances, the Court finds that the creditor's failure to file a timely answer clearly was the result of excusable neglect. In addition, as will be explained below, the Bankruptcy Court's finding that the creditor did not have a meritorious defense to the motion to avoid the lien was clearly erroneous. Therefore, the creditor's motion to set aside the default judgment should have been sustained.

■ Turning to the merits of the debtors' Motion to Set Aside the Lien, the Court holds that it should have been overruled. A non-purchase money lien is avoidable under § 522(f)(2)(A) only if it applies to "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry." The Bankruptcy Judge held that the lien on the four firearms at issue here was avoidable because the guns were "household goods" within the meaning of § 522(f)(2)(A). The Bankruptcy Judge explained:

> "In my view, these weapons are household goods because they are found in a vast number of homes today, including the writers' [sic]."

■ This Court finds that the holding of the Bankruptcy Judge is clearly erroneous. At least five other courts have considered whether firearms are "household goods" within the meaning of § 522(f)(2)(A) and each of them has held that they are not. *See In re Wetzel,* 46 B.R. 254 (Bankr.W.D. Va.1984); *In re Wright,* 34 B.R. 643 (Bankr.W.D.Ky.1983); *In re Noggle,* 30 B.R. 303 (Bankr.E.D.Mich.1983); *In re McPherson,* 18 B.R. 240 (Bankr.D.N.M. 1982); *In re Cole,* 15 B.R. 322 (Bankr.W.D. Mo.1981) (Stewart, J.). This Court finds the reasoning of these five courts to be persuasive. Items are not "household goods" merely because they are found in many, or most homes. For example, virtually every home has a hot water heater; nevertheless, this Court would not be inclined to classify such an item under the rubric "household goods." Consequently, the Court holds that the Bankruptcy Court's finding that the debtors' firearms were "household goods" is clearly erroneous.

Accordingly, it is hereby

ORDERED that the Bankruptcy Court's order of December 9, 1985 is reversed. This case is remanded to the Bankruptcy Court for further proceedings consistent with this order.