In re Herbert Franklin **STROMAN,** Jr., and Virginia Gray Stroman, Debtors.

**Bankruptcy No. 87–01321.**

United States Bankruptcy Court, D. South Carolina.

Sept. 2, 1987.

Daryle A. Walker, Law Office of Samuel J. Abrams, Sumter, S.C., for debtors.

Cecelia A. Clark, Robert F. Anderson, P.A., Columbia, S.C., Trustee.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the trustee's objection to exemptions claimed by the debtors in two VCRs, a Smith and Wesson Model 19 .357 Magnum pistol, an Uzi 9mm semiautomatic gun, and a cash exemption of $1,000. for each debtor, pursuant to S.C. Code § 15–41–200 (Supp.1986).

When a petition in bankruptcy is filed, a bankruptcy estate is created, consisting of those items or property listed in 11 U.S.C. § 541. However, 11 U.S.C. § 522 permits the debtor to exempt certain property, either that listed in the section, or, if the state has chosen to "opt out"[1], those exemptions listed under state law.[2]

South Carolina has opted out of the federal exemption scheme,[3] and the debtors claim their exemptions pursuant to S.C. Code § 15–41–200(3), (5), which state:

§ 15–41–200.  Property exempt from attachment, levy and sale.  The following real and personal property of a debtor domiciled in this State shall be exempt from attachment, levy and sale under any mesne or final process issued by any court or bankruptcy proceeding:

\*    \*    \*    \*    \*    \*

(3) The debtor's interest, not to exceed two thousand five hundred dollars in aggregate value in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments, that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor.

\*    \*    \*    \*    \*    \*

(5) The debtor's aggregate interest in cash and other liquid assets to the extent of a value not exceeding one thousand dollars; provided, however, that this exemption is available only to an individual who does not claim a homestead exemption.  The term "liquid assets" includes deposits, securities, notes, drafts, unpaid earnings not otherwise exempt, accrued vacation pay, refunds, prepayments and other receivables.

### I

■ The exemption claimed by the debtors in two VCRs as household goods should be disallowed.  The VCRs may be property customarily utilized by the debtors in their residence; however, the VCRs are not necessary to afford the debtors a reasonably comfortable existence and, as such, are not household goods, nor do they qualify as any of the items found in S.C.Code § 15–41–200(3) (Supp.1986), in which the debtors

---

**1.**  11 U.S.C. § 522(b) permits the states to "opt out" of the federal exemptions.

**2.**  *Sigmon v. Brank,* No. 87–1031, Slip Op. at 3 (4th Cir.1987) [826 F.2d 1060 (table) full text available on WESTLAW, CTA database].

**3.**  S.C.Code § 15–41–200 (Supp.1986).

may claim an exemption. *In re Shaffer*, 78 B.R. 783 (Bankr.D.S.C.1987), *see also*, S.C.Code § 15–41–200(3) (Supp.1986).

## II

Likewise, the exemption claimed by the debtor, Herbert F. Stroman, Jr., in a Smith and Wesson Model 19 .357 Magnum pistol and an Uzi 9mm semiautomatic gun should be disallowed. Such property is not exempt. S.C.Code § 15–41–200(3) (Supp. 1986).

## III

The exemption, claimed by the debtor, Virginia G. Stroman, in a Ruger Mark II .22 caliber pistol should be disallowed. Such property is not exempt. S.C.Code § 15–41–200(3) (Supp.1986).

## IV

Each debtor claims a $1,000. exemption in cash. Each is entitled to the same. S.C. Code § 15–41–200(5) (Supp.1986).

## ORDER

Therefore, the exemptions claimed in the two VCRs, the Smith and Wesson Model 19 .357 Magnum pistol, the Uzi 9mm semiautomatic gun, and the Ruger Mark II .22 caliber pistol should be disallowed; and a cash exemption of $1,000. is allowed to each debtor.

AND IT IS SO ORDERED!