In re Timothy Gilbert BARNES and Kimberly Patricia Barnes, Debtors.

Timothy Gilbert BARNES and Kimberly Patricia Barnes, Movants,

v.

ITT FINANCIAL SERVICES, Respondent.

Bankruptcy No. 89–5–1027–JS.
Motion No. M89–0612–JS.

United States Bankruptcy Court, D. Maryland.

July 18, 1990.

Jack I. Hyatt, Baltimore, Md., for Timothy Gilbert Barnes and Kimberly Patricia Barnes, debtors/movants.

Stephen Goldberg, Weinberg & Green, Baltimore, Md., for ITT Financial Services, respondent.

## MEMORANDUM OPINION SUSTAINING IN PART AND OVERRULING IN PART CREDITOR'S OBJECTION TO MOTION TO AVOID LIEN

JAMES F. SCHNEIDER, Bankruptcy Judge.

The debtors filed this motion to avoid lien alleging that a lien claimed by ITT Financial Services on their household goods and furnishings is avoidable to the extent that it impairs an exemption which they have claimed. The creditor objected to the avoidance of its lien, arguing that the items subject to the lien, namely a videocassette recorder ("VCR"), a .22 pistol, 30–06 rifle, two shotguns and a .22 rifle are not household goods which the debtors may exempt.

## FINDINGS OF FACT

1. The debtors filed the instant Chapter 7 bankruptcy petition on March 31, 1989.

2. In their Schedule A–2 ("Creditors Holding Security"), the debtors listed ITT Financial Services as holding a claim in the amount of $2,200 secured by a lien on household goods to the extent of their market value of $415.

3. In their Schedule B–2 ("Personal Property"), the debtors listed *inter alia* as "tangible personal property of any other description" a "12 gage [sic] pump shotgun $75.00, 20 gage [sic] shotgun $10.00, 30–06 rifle $75.00, .22 Rifle $20.00, .22 pistol $50.00, 2 fishing rods, 2 tackle boxes $10.00, diamond engagement ring $350.00, 2 wedding bands $100.00."

4. In an addendum to their Schedule B–2 entitled "HOUSEHOLD GOODS AND FURNITURE," the debtors enumerated the following items:

| ITEM | | |
|---|---|---|
| Furniture | | |
| Beds | 1 | $ 10.00 |
| Bureaus | 2 | 15.00 |
| Cabinets | 0 | —— |
| Chairs | | |
| Bedroom Chairs | 0 | —— |
| Dining Room Chairs | 0 | —— |
| Kitchen Chairs | 4 | 4.00 |
| Living Room Chairs | 1 | 50.00 |
| Outdoor Chairs | 0 | —— |
| Desks | 2 | 10.00 |
| Lamps | 4 | 8.00 |
| Sofas | 1 | 50.00 |
| Tables | | |
| Coffee Tables | 1 | 20.00 |
| Den Tables | 0 | —— |
| End Tables | 2 | 20.00 |
| Living Room Tables | 1 | 5.00 |
| Outdoor Tables | 0 | —— |
| Other | | |
| Kitchen | 1 | 10.00 |
| Appliances | | |
| Air Conditioners | 0 | —— |
| Clocks | 4 | 4.00 |
| Clothes Dryer | 0 | —— |
| Freezer | 0 | —— |
| Hi Fi | 0 | —— |
| Radios | 1 | 1.00 |
| Refrigerator | 1 | 10.00 |
| Stove | 1 | 50.00 |

ITEM

| Item | | |
|---|---|---|
| Television [B & W] | 0 | —— |
| Television [Color] | 1 | $ 50.00 |
| Toaster | 2 | 4.00 |
| Vacume [sic] Cleaner | 2 | 20.00 |
| Washer | 0 | —— |
| Mixer | 1 | 2.00 |
| Blender | 1 | 2.00 |
| Iron | 1 | 2.00 |
| Other | | |
| Stereos | 2 | 50.00 |
| Miscellaneous Goods | | |
| Diswasher [sic] | 0 | —— |
| Carpets/Rugs | 1 | 10.00 |
| Linens | 4 sets sheets | + 8.00 |
| Other | | |
| Total Value of Furniture and House- hold Goods | | $415.00 |

Addendum to Schedule B–2.

5. The debtors did not disclose a VCR within the foregoing designation of household goods.

6. In their Schedule B–4 ("Property Claimed as Exempt"), the debtors claimed the following property as exempt pursuant to Section 11–504 of the Courts and Judicial Proceedings Article of the Maryland Code:

| Type of Property | Description | Statute | Value Claimed As Exempt |
|---|---|---|---|
| Sch. B–2–a | cash on hand | subsection b5 | $ 20.00 |
| Sch. B–2–c | household goods | subsection b4 | 415.00 |
| Sch. B–2–e | wearing apparel | subsection b5 | 170.25 |
| Sch. B–2–b | deposits | subsection b5 | 145.00 |
| Sch. B–2–h | pet | subsection b5 | 5.00 |
| Sch. B–2–j | office equipment | subsection b5 | 50.00 |
| Sch. B–2–m | tangible property | subsection b5 | 690.00 |
| Sch. B–2–p | money owed by Jeff Barnes | subsection b5 | 150.00 |
| Sch. B–2–p | wages (Tim) | subsection b5 | 460.00 |
| Sch. B–2–p | pro rata tax refund for 1989 | subsection b5 | + 150.00 |
| | | TOTAL | $2,255.25 |

7. The creditor's objection is based on the allegation that the VCR and firearms are not household goods. But the debtors never claimed that the VCR and firearms were exempt as household goods. With respect to the VCR, they failed to disclose its existence in any of their schedules. As to the firearms, the debtors merely designated them in their schedules as "tangible property," and not as "household goods." In the instant motion to avoid lien, the debtors failed to enumerate the specific household goods and furnishings which were subject to the lien to be avoided.

ISSUE

█ Strictly speaking, the issue in this case is not whether firearms and a VCR may be exempted by debtors as household

goods. The debtors' claim of exemptions is now inviolate, the time having long passed for filing objections. Whatever property has been claimed by the debtors to be exempt, in whatever guise, is now exempt and is no longer property of the estate which the Chapter 7 trustee could administer on behalf of the estate's creditors. The Court has no power to deny the debtors the exemptions which they have claimed without objection.

Rather, the issue to be decided now is whether the debtors may avoid a creditor's lien which impairs an exemption which the debtors *could have claimed* in the subject property as household goods.

CONCLUSIONS OF LAW

1. Section 522(f) of the Bankruptcy Code governs the ability of debtors to avoid certain liens:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f) (Supp. V 1987).

2. Because the Maryland General Assembly has chosen to "opt out" of the Federal exemptions which debtors may claim under the Bankruptcy Code, 11 U.S.C. § 522(b)(1), the exemptions available to Maryland debtors who file bankruptcy are set forth in the state exemption statute, Section 11–504(b) and (f) of the Courts and Judicial Proceedings Article of the Maryland Code:

(b) In general.—The following items are exempt from exclusion on a judgment:

(1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

(2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

(3) Professionally prescribed health aids for the debtor or any dependent of the debtor.

(4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

(5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000 ...

(f) Interest in real or personal property.—In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy", any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $2,500 in value, in real property or personal property.

Md. Courts & Jud.Proc.Code Ann. § 11–504(b), (f) (1989).

3. By its terms, the Maryland exemption statute sets a limit of $8,500 on the total value of property exemptible by an individual debtor (excluding health aids and money payable in the event of sickness, accident, injury or death). In the case of a joint petition filed by a husband and wife, the specified amounts of allowable exemptions double. So in the present case, the debtors could have claimed exemptions totalling $17,000, including an exemption under Section 11–504(b)(4) having a maximum value of $1,000.

4. Mr. and Mrs. Barnes allocated $415 worth of property to their household goods exemption, $690 worth of "other tangible property" including guns and jewelry under the so-called "wild card" exemption and did not even mention the VCR. (The value of the VCR was stated to be $280 on their loan application.) Therefore because the debtors could have claimed an additional $585 worth of property as household goods, the court must determine whether the VCR and/or some of the guns qualify as household goods for purposes of the lien avoidance statute.

 5. The lien avoidance provision of Section 522(f) of the Bankruptcy Code is narrower than the Maryland exemption for household goods *and other items* contained in Maryland Courts & Judicial Proceedings Section 11–504(b)(4), as seen by comparing the two statutes:

| Bankruptcy Code Section 522(f)(2)(4) | Maryland Courts & Jud.Proc. Code Section 11–504(b)(4) |
| --- | --- |
| household furnishings | household furnishings |
| household goods | household goods |
| wearing apparel | wearing apparel |
| appliances | appliances |
| books | books |
| animals | animals kept as pets |
| crops | ———— |
| musical instruments | ———— |
| jewelry | |
| ———— | and other items |
| that are held primarily for the personal, family or household use of the debtor or any dependent of the debtor. | that are held primarily for the personal, family or household use of the debtor or any dependent of the debtor. |

6. Because Section 11–504(b)(4) contains the words *"and other items,"* and because Section 11–504(f) allows the exemption of $2,500 worth of personalty as an alternative to the homestead exemption, *In re Locarno,* 23 B.R. 622 (Bankr.D.Md.1982), Maryland debtors may claim exemptions in virtually every kind of personalty, regardless of whether they are household goods or not, so long as the value of such exempted property does not exceed the statutory limit. Accordingly, guns and VCRs are exemptible in Maryland. This does not answer the question of whether debtors may avoid a lien against such items. In order to do so, it must be determined that guns and VCRs are household goods. There are no Maryland cases which have decided this question.

7. However, in the case of *In re Taylor,* 312 Md. 58, 537 A.2d 1179 (1988), the Maryland Court of Appeals was called upon to decide to what extent debtors in this state may claim exemptions of property as tools of the trade. The Court read the state exemption statute in conjunction with Article III, Section 44 of the Maryland Constitution which states that the legislature shall pass laws "to protect from execution a reasonable amount of the property of the debtor." 312 Md. at 60; 537 A.2d at 1180. Accordingly, the Court determined the intent of the legislature in enacting a tools of the trade exemption to be "that any and all

wearing apparel, books, tools, instruments, or appliances are exempt from execution on a judgment if they are *reasonably necessary* for the practice of the debtor's trade or profession." 312 Md. at 71; 537 A.2d at 1185. Finally, the Court cited a line of cases for the proposition that the Maryland exemption laws are to be liberally construed. *Fowler v. Gray*, 99 Md. 594, 58 A. 444 (1904); *Darby v. Rouse*, 75 Md. 26, 22 A. 1110 (1891); and *Muhr v. Pinover*, 67 Md. 480, 10 A. 289 (1887).

8. Accordingly, this Court defines household goods as items of personal property reasonably necessary for the day-to-day existence of people in the context of their homes. Such items generally consist of consumer goods used in or near a house, apartment or other residence.

9. Applying the foregoing definition, a VCR qualifies as a household good. A number of courts have so held, applying a variety of standards: *In re Barrick*, 95 B.R. 310 (Bankr.M.D.Pa.1989); *In re Griffiths*, 86 B.R. 639 (Bankr.W.D.Wash.1988); *In re Bowen*, 82 B.R. 102 (Bankr.E.D.Mo. 1988); *In re Gray*, 87 B.R. 591 (Bankr.W. D.Mo.1988); *In re Lucas*, 62 B.R. 949 (Bankr.S.D.Cal.1986); rev'd in part on other grounds, 77 B.R. 242 (9th Cir. BAP 1987); *In re Bandy*, 62 B.R. 437 (Bankr.E. D.Cal.1986); *Matter of Beard*, 5 B.R. 429 (Bankr.Iowa 1980). CONTRA: *In re Stroman*, 78 B.R. 785 (Bankr.S.C.1987). Videocassette recorders are now as much a part of life in these United States as television itself.

10. The failure of the debtors to list the VCR among their exemptible household goods will not preclude them from avoiding the lien on the VCR. Subsections (b) and (f) of Section 522 are independent of each other because of the conditional language of Section 522(f): *"Notwithstanding any waiver of exemptions,* the debtor may avoid the fixing of a lien or an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor *would have been entitled* under subsection (b) of this section ..."* (Emphasis supplied.)

11. The Court does not favor *pro forma* motions to avoid lien, such as the one presently before it. Nevertheless, in the great majority of cases, the enumeration of every item subject to the creditor's lien would be costly and unnecessary. In the instant case the creditor is aware of the items which are at issue. Under the circumstances of this case, the failure of the debtors to designate the VCR as one of the items to which the creditor's lien is sought to be avoided is of no moment. The issue has been fully litigated. The lien will be avoided as to the VCR.

12. This Court holds that firearms are not household goods. ACCORD: *In re Oglesby*, 98 B.R. 960 (Bankr.E.D.Mo.1989); *In re Barrick*, 95 B.R. 310 (Bankr.M.D.Pa. 1989); *In re Gray*, 87 B.R. 591 (Bankr.W. D.Mo.1988); *In re Weaver*, 78 B.R. 135 (Bankr.N.D.Tex.1987); *In re Stroman*, 78 B.R. 785 (Bankr.S.C.1987); *Oswald v. ITT Financial Services*, 85 B.R. 541 (W.D.Mo. 1986); *In re Greenlee*, 61 B.R. 257 (Bankr. D.Colo.1986); *In re Wetzel*, 46 B.R. 254 (Bankr.W.D.Va.1984); *In re Wright*, 34 B.R. 643 (Bankr.W.D.Ky.1983); *Matter of Noggle*, 30 B.R. 303 (Bankr.E.D.Mich.1982); *In re McPherson*, 18 B.R. 240 (Bankr.N.M. 1982); *In re Cole*, 15 B.R. 322 (Bankr.W.D. Mo.1981). CONTRA: *In re Gonshorowski*, 110 B.R. 51 (Bankr.N.D.Ala.1990) (revolver used in defense of home); *In re Champion*, 94 B.R. 709 (Bankr.S.D.Ala. 1988) (guns and camping equipment but not a gun collection); *In re Courtney*, 89 B.R. 15 (Bankr.W.D.Tex.1988) (guns and other items "used away from the residence or curtilage"); *In re Ray*, 83 B.R. 670 (Bankr. E.D.Mo.1988); *In re Barley*, 74 B.R. 450 (Bankr.N.D.Ind.1987).

13. Firearms are sporting goods normally used outside and away from the home. They are not household goods because they are not reasonably necessary for the day-to-day existence of people in the context of their homes. Likewise, they are not household furnishings merely because the debtors have furnished their house with them. Although individually each gun has a nominal value, as a group they comprise a specialized collection of greater val-

ue. The debtors have presented no valid reason why these guns will aid them in obtaining a fresh start.

For these reasons, the objection of ITT Financial Services to the motion to avoid lien will be OVERRULED as to the debtors' VCR and SUSTAINED as to the debtors' firearms.

ORDER ACCORDINGLY.