**Darlene A. McGREEVY, Appellant,**

v.

**ITT FINANCIAL SERVICES, Appellee.**

**Civ. A. No. R–91–28.**

United States District Court,
D. Maryland.

June 19, 1991.

John R. Garza, Garza & Regan, P.A., Rockville, Md., for appellant.

Edward S. Cohn, Cohn & Goldberg, Baltimore, Md., for appellee.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Pending before the Court in the above captioned case is appellant's ("McGreevy") appeal of the decision of Judge Paul Mannes of the United States Bankruptcy Court for the District of Maryland denying McGreevy's motion to avoid lien. For the reasons set forth below, the decision of the Bankruptcy Court will be affirmed.

### Background

Appellant permitted appellee, ITT Financial Services ("ITT"), to place a lien against certain items of her personal property as a security interest for a loan made from the appellee to the appellant. Subsequently, appellant filed a petition in Bankruptcy under Chapter 7 of the Bankruptcy Code and claimed as exempt certain items against which appellee had taken a lien. Included among such items were two firearms. In addition to the bankruptcy petition, appellant filed a motion to avoid lien pursuant to 11 U.S.C. § 522(f)(2)(A).[1] The motion claimed that the lien in question must be avoided to the extent that it impaired the exemption of "household goods".

Appellee opposed the motion on the grounds that the two firearms did not constitute "household goods" under in 11

---

1. Section 522(f)(2)(A) provides:

[t]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    \*    \*    \*    \*    \*    \*

  (2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor.

U.S.C. § 522(f)(2)(A). Following a hearing, the United States Bankruptcy Court for the District of Maryland entered an order denying the appellant's motion to avoid lien. In an opinion announced from the bench, Judge Mannes relied on reasoning enunciated in *In re Barnes*, 117 B.R. 842 (Bankr. D.Md.1990). In *Barnes*, Judge Schneider held unequivocally that firearms are not "household goods." *Id.* at 847. This Appeal was filed on December 3, 1990.

### Issue Presented

In the present case, the Court is asked to determine whether a nonpossessory, non-purchase-money security interest lien against firearms owned by a debtor is avoidable under 11 U.S.C. § 522(f)(2)(A) to the extent that it impairs an exemption for household goods under Maryland law. *See Md.Cts. & Jud.Proc.Code Ann.* § 11–504(b), (f) (1989).

### Conclusions of Law and Discussion

Lien avoidance in bankruptcy proceedings under Chapter 7 of the Bankruptcy Code is a two step process. First, the property subject to the lien must qualify as exempt from the bankrupt's estate under either state or federal law. Second, the lien itself must qualify as an avoidable lien under federal law. The United States Bankruptcy Code allows states to "opt out" of the federal criteria for exemption from liens in bankruptcy. 11 U.S.C. § 522(b). Because Maryland General Assembly has chosen to "opt out" of the federal exemption scheme, *Md.Cts. & Jud.Proc.Code Ann.* § 11–504(b), (f) (1989), Maryland debtors who file bankruptcy take exemptions pursuant to state law.

■ Although state law governs the determination of what property is exempt for debtors in "opt out" states, federal law determines what pre-existing liens may be avoided. *E.g., In re Barnes*, 117 B.R. at 846; *In re Thompson*, 750 F.2d 628 (8th Cir.1984); *In re Eveland* 87 B.R. 117 (Bankr.E.D.Cal.1988).

■ Exemptions available to Maryland debtors who file bankruptcy are set forth in the state exemption statute.[2] In addition to other exemptions, Maryland allows a debtor to exempt "the debtor's aggregate interest, not to exceed $2,500 in value, in real property of personal property" regardless of the nature of the property. *Md.Cts. & Jud.Proc.Code Ann.* Section 11–504(f) (1989); *see In re Barnes*, 117 B.R. at 846. Thus, firearms may be exempt in Maryland so long as the value of the firearms combined with other property sought to be exempted does not exceed the statutory limits. There is no issue in this case regarding the statutory limits. Accordingly, appellant's firearms are exempt under Ma-

---

**2.** The Maryland exemption statute provides, in relevant part:

> (b) In general.—The following items are exempt from exclusion on a judgment:
> (1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.
> (2) Money payable in the event of sickness, accident, injury or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted after the disability is incurred.
> (3) Professionally prescribed health aids for the debtor or any dependant of the debtor.
> (4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.
> (5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000 ...
> (f) Interest in real or personal property.—In addition to the exemptions provided in subsections (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy", any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $2,500 in value, in real property of personal property.
> *Md.Cts. & Jud.Proc.Code Ann.* Section 11–504(b), (f) (1989).

ryland law.[3] The determination that the firearms were exempt, however, is not dispositive as to whether appellant may avoid the appellee's lien. In order to avoid the lien, the firearms must be of the type of property on which liens may be avoided under federal law. *In re Barnes,* 117 B.R. at 846.

Property on which liens may be avoided under federal law includes, *inter alia,* "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor." 11 U.S.C. § 522(f)(2)(A). Appellant maintains that the firearms fall into the category of "household goods," and therefore claims that the appellee's lien can be avoided.

■ To determine if a lien can be avoided as to property that is alleged to be a "household good," a two phase inquiry must be applied. First, the Court must determine whether the property is a "household good." If the answer to this inquiry is in the affirmative, the Court must then inquire into whether the property is "held primarily for the personal, family or household use of the debtor or dependent of the debtor." If the answer to both of these questions is in the affirmative, the lien on the property will be avoided.

Appellant has given considerable treatment to the second phase of the inquiry arguing that because appellant testified to the familial use of the firearms for recreational, agricultural and protective purposes, the lien on the firearms must be avoided. Appellant would have this Court adopt an analysis that would allow a lien to be avoided if the item is held primarily for the personal, family or household use of the debtor or dependant of the debtor. Appellant's analysis clearly is misguided. If Congress had intended for § 522(f)(2)(A) lien avoidance to have such a broad and sweeping application, it would have permitted lien avoidance in all goods "held pri-

marily for the personal, family or household use of the debtor or dependent of the debtor." Rather than doing this, Congress delineated particular items on which liens be avoided if the items are used in a particular manner. "Household goods" are one of the classes of items. *See In re Vale,* 110 B.R. 396, 406 (Bankr.N.D.Ind.1990); *In re Noggle,* 30 B.R. 303, 305 (Bankr. E.D.Mich.1983).

■ Other courts have made it clear that even if certain items of personal property are normally found in or around a debtor's household or the curtilage thereof, and the debtor uses the items in connection with his household activities or personal affairs, this does not, standing alone, make such items "household goods" pursuant to § 522(f)(2)(A). *In re Yokley,* 42 B.R. 574 (Bankr.N.D.Ala.1984) (an automobile is not "household goods"); *see also, In re Psick,* 61 B.R. 308 (Bankr.D.Minn.1985) (dirt bike, tractor-loader and automobile were not "household furnishings", even though these items were used in debtor's daily household activities). Moreover, "items are not 'household goods' merely because they are found in many, or most homes." *Oswald v. ITT Financial Serv.,* 85 B.R. 541, 543 (Bankr.W.D.Mo.1986).

■ In *Barnes,* The United States Bankruptcy Court for the District of Maryland defined "household goods" as "items of personal property reasonably necessary for the day-to-day existence of people in the context of their homes." 117 B.R. at 847. In applying the definition, the court found that firearms did not constitute "household goods." *Id.; accord, In re Oglesby,* 98 B.R. 960 (Bankr.E.D.Mo.1989); *In re Barrick,* 95 B.R. 310 (Bankr.M.D.Pa.1989); *In re Thornton,* 91 B.R. 913 (Bankr.C.D.Cal. 1988); *In re Gray,* 87 B.R. 591 (Bankr. W.D.Mo.1988); *Oswald v. ITT Financial Serv.,* 85 B.R. 541 (Bankr.W.D.Mo.1986); *In re Weaver,* 78 B.R. 135 (Bankr.N.D.Tex. 1987); *In re Wright,* 34 B.R. 643 (Bankr. W.D.Ky.1983); *contra, In re Barley,* 74 B.R. 450 (Bankr.N.D.Ind.1987); *In re Champion,* 94 B.R. 709 (Bankr.S.D.Ala. 1988).

---

**3.** The fact that the firearms are exempt is not   disputed by the parties.

The Court finds that the conclusion arrived at in *Barnes* was correct, and that the Bankruptcy Court's reliance in the instant case on *Barnes* was well founded. Because it is clear that firearms are not "household goods," liens on firearms cannot be avoided even if the firearms are held primarily for the personal, family or household use of the debtor or dependant of the debtor. The Court, therefore, need not determine whether the firearms at issue were held in such a manner.

Accordingly, it is this 19th day of June, 1991, by the United States District Court for the District of Maryland,

ORDERED:

1. That the findings of Bankruptcy Court that firearms are not property on which a lien may be avoided pursuant to 11 U.S.C. § 522(f)(2)(A) is AFFIRMED; and

2. That the Clerk of the Court shall mail a copy of this Memorandum and Order to all counsel of record.