**In re Howard L. FARSON and Edith M. Farson, Debtors.**

**Bankruptcy No. 94–30553.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Aug. 17, 1994.

John J. Hunter, Sr., Trustee, Toledo, OH.

Larry G. Moritz, Lima, OH, for Associates Finance.

William Scott O'Brien, Findlay, OH, for debtors.

### *MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f); and Debtor's letter filed with the Court on July 14, 1994. The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion should be GRANTED, in part, and DENIED, in part.

### *FACTS*

Associates Financial Services (hereafter "AFS") granted Howard and Edith Farson, Debtors, a loan in the amount of Two Thousand Two Hundred and 00/100 Dollars ($2,200). The collateral for this loan included the Debtor's personal property to wit: one (1) VCR, one (1) video camera, and two (2) air conditioners. The Debtors filed a Motion to Avoid Lien asserting that these items were household goods and that AFS's lien impaired the Debtors' exemption in these items. In addition, the Debtors filed a letter with the Court explaining their reasons for the proposed exemptions. In this letter the Debtors explained that one of the air condi-

tioners was purchased to relieve their son's asthma condition.

## LAW

The relevant law reads in part as follows:

11 U.S.C. § 522(f)

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

OHIO REV.CODE ANN. § 2329.66(A)(4)(b)

(A)(4)(b) Household furnishings, household goods, appliances, books, animals, crops, musical instruments, fire arms, and hunting and fishing equipment, held for · personal or household use not to exceed $200 in any particular item.

## DISCUSSION

Determinations of the validity, extent, or priority of liens is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). The case at bar is a core proceeding.

█ The first issue that must be addressed is whether the lien of AFS impairs an exemption to which the Debtor is entitled under 11 U.S.C. § 522(f). To determine whether impairment exists, the sum of all unavoidable liens and encumbrances must be subtracted from the fair market value of the property for which an exemption is claimed. *In re Waldman,* 81 B.R. 313 (Bankr.E.D.Pa. 1987). If the sum of this calculation turns out to be zero (0) or a negative number, there is no impairment and no avoidance under Section 522(f). If the sum of this calculation turns out to be a positive number, then this figure must be reduced by the

allowed value of the exemption. If this formula yields a positive number, the lien does impair the exemption and it is subject to avoidance. *In re Schwartz,* No. 92–32725–S–7, 1993 WL 405010 (N.D.Ohio 1993).

In the instant case, the value of the items secured by AFS is exceeded by the value of the exemption allowed under ORCA § 2329.-66(A)(4)(b). Thus, the above mentioned formula yields a negative number in this case, resulting in the impairment of the exemption. Therefore, the lien is subject to avoidance under 11 U.S.C. § 522(f).

█ The second issue to be determined is whether the goods claimed by the Debtors to be exempt are household goods according to 11 U.S.C. § 522(f). This Court has adopted the definition of "household goods" found in *In re Barnes,* 117 B.R. 842 (Bankr.D.Md. 1990). *See In re Wheeler,* 140 B.R. 445 (N.D.Ohio 1992). In *Barnes,* the United States Bankruptcy Court for the District of Maryland defined "household goods" as "items of personal property reasonably necessary for the day-to-day existence of people in the context of their homes." *Id.* at 847. Based upon the evidence before it, this Court cannot find that the following items are household goods: one (1) video camera and one (1) air conditioner.

However, the Court has found that, in this case, one (1) VCR is a household good. *See In re Barnes,* 117 B.R. 842 (Bankr.D.Md. 1990), and *In re Bowen,* 82 B.R. 102 (Bankr. E.D.Mo.1988).

In addition, this Court has found that, in this specific case, one (1) air conditioner is a household good. This determination is based upon a letter the Debtors filed with the Court. This correspondence disclosed that Debtors purchased one (1) of the air conditioners upon a pediatrician's recommendation to assist their son's asthma condition. It is this Court's opinion that, under these circumstances, it is appropriate to consider the air conditioner as reasonably necessary for the day-to-day existence of a dependent of the Debtors.

In reaching the conclusions found herein, this Court has considered all of the evidence

and arguments of counsel regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Debtors' Motion be, and is hereby, **GRANTED,** in part, and **DENIED,** in part.

It is **FURTHER ORDERED** that the Court finds that the following items are considered household goods:

One (1) VCR

One (1) air conditioner utilized for son's asthma.

It is **FURTHER ORDERED** that the Court finds that the following items are not household goods, and that the Debtors be, and are hereby, ordered to turn over the following secured interests to AFS within fourteen (14) days after the filing of this entry:

One (1) video camera

One (1) air conditioner which is not being use for son's asthma.