**In the Matter of Kenneth Larry SMITH and Tammy Alene Smith, Debtors.**

**Kenneth Larry SMITH and Tammy Alene Smith, Movants,**

**v.**

**NORWEST FINANCIAL OF GEORGIA, Respondent.**

**In Matter of Jerome H. LAWRENCE and Mary Rachel Lawrence, a/k/a Rachel Lawrence, Debtors.**

**Jerome H. LAWRENCE and Mary Rachel Lawrence, a/k/a Rachel Lawrence, Movants,**

**v.**

**ITT FINANCIAL SERVICES, INC., Respondent.**

**Bankruptcy Nos. A85–04926–ADK, A85–03018–ADK.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 3, 1986.

Alan I. Seitman, Atlanta, Ga., for Lawrences.

Richard M. Loftis, Decatur, Ga., for ITT Financial Services, Inc.

Emory L. Clark, Atlanta, Ga., for Smiths.

Kirby G. Bailey, Decatur, Ga., for Norwest Financial of Georgia.

## ORDER

A. DAVID KAHN, Bankruptcy Judge.

The Debtors filed the above-styled contested matters seeking to avoid certain liens pursuant to 11 U.S.C. § 522(f)(2)(A). Hearings were held on September 9, 1985 and November 14, 1985, after which the Court took the matters under advisement. Respondents oppose the avoidance of said liens and urge the Court to adopt the guidelines set by the Federal Trade Commission [hereinafter "FTC"] regarding the definition of household goods. This is the only issue before the Court.

Section 522(f)(2)(A) provides that

[n]otwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

The FTC has adopted the following definition of household goods:

Household goods. Clothing, furniture, appliances, one radio and one television, linens, china crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents, provided that the following are not included within the scope of the term "household goods": (1) Works of art; (2) Electronic entertainment equipment (except one television and one radio); (3) items acquired as antiques; and (4) jewelry (except weddings rings).

16 C.F.R. § 444.1(i). This definition was adopted in conjunction with the FTC's promulgation of the rule that the taking of a non-possessory, non-purchase money blanket security interest in household goods constitutes an unfair trade practice and is thus prohibited. This rule became effective March 1, 1985.

Respondents urge this Court to adopt this definition of household goods and reject the heretofore case-by-case approach used by most bankruptcy courts in determining what constitutes household goods for the purposes of § 522(f)(2)(A). Although the Court acknowledges that the purpose of § 522(f)(2)(A) and that of the new FTC ruling may be the same (*i.e.*, to limit the reach of security interests in household goods which have little value to the creditors but which would place a great burden on the consumer if such goods were taken to satisfy the liens), this Court will not be bound by the rulings of an agency unless directed by Congress to follow same. Therefore, the Court declines to accept the definition of household goods promulgated by the FTC and will continue to make a case-by-case determination of what constitutes household goods for the purposes of § 522(f)(2)(A).

In accordance with the reasoning above, it is the Order of the Court that the Motion to Avoid a Lien Under 11 U.S.C. Section 522(f)(2) filed by the Debtors Jerome H. Lawrence and Mary Rachel Lawrence against ITT Financial Services, Inc., be, and the same hereby is, GRANTED.

It is further Ordered that the Motion to Avoid Section 522 Lien filed by the Debtors Kenneth Larry Smith and Tammy Alene Smith against Norwest Financial of Georgia be, and the same hereby is, GRANTED.

IT IS SO ORDERED.