In the matter of Loren Dean **VITTETOE, and Lesa Jean** Vittetoe, Debtors.

Loren Dean **VITTETOE, and Lesa Jean** Vittetoe, Movants,

v.

ITT FINANCIAL SERVICES, Respondent.

Bankruptcy No. 85–03946–SW.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

June 19, 1986.

**112**

Thomas L. Williams, Roberts, Fleischaker & Scott, Joplin, Mo., for movants.

Timothy A. McNearney, Kansas City, Mo., for respondent.

Thomas J. Carlson, Springfield, Mo., trustee.

## ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT AVOIDING LIEN EXCEPT WITH RESPECT TO CAMERAS, RODS & REELS AND WEIGHT SET

DENNIS J. STEWART, Chief Judge.

On March 20, 1986, the movants filed a motion for lien avoidance with respect to "debtors' household and personal goods" under the provisions of § 522(f)(2) of the Bankruptcy Code. In responding to the motion, the respondent does not deny that the security interest nor that the value of the property sought to be freed of the security interest does not exceed the exemption limit. Respondent denies that the chattels involved are "household furnishings or household goods" within the meaning of § 522(f)(2) of the Bankruptcy Code and instead contends that they are *"personal property* within the meaning of the Federal Trade Commission Ruling contained in 16 C.R.F. Part 444." This defense, as a matter of law, should prevail with respect to the Polaroid camera, the Kodak instamatic, the rods and reels, and the weight set.[1] The other defense raised by the respondent is that "Debtors have no

---

1. The cases which determine the character of chattels as household furnishings or goods within the meaning of section 522(f)(2) of the Bankruptcy Code usually do so on the inherent nature or character of the goods themselves. Thus, whether characterized as "household furnishings or household goods" or as "personal property," they are ordinarily deemed exemptable if they are "items necessary to the functioning of a household." *In re Martinez,* 22 B.R. 7, 8 (Bkrtcy.D.N.M.1982). There can be little question that television sets (see *In re Fisher,* 11 B.R. 666 (Bkrtcy.W.D.Okla.1981)), stereos (*id.*), radios and clocks (*id.*) and the other appliances which are necessary to the upkeep and maintenance of the home (the hand drill, paint sprayer, chain saw, weed eater and push mower) (see *Matter of Jones,* 5 B.R. 655, 657 (Bkrtcy.M.D.N.C.1980), have the character of "household goods" within the meaning of the statute on lien avoidance. The class rings are almost certainly "wearing apparel" within the meaning of the same section. There is authority, however, that

the "Polaroid camera" and the "Kodak instamatic" claimed by the debtors are not considered as "household goods" within the meaning of the lien avoidance section. See *In re Ruppe,* 3 B.R. 60, 61 (D.Colo.1980) ("(A) camera and projectors would not be included as they are not necessary to the functioning of the household but are, in fact, recreational items."); *Matter of Noggle,* 30 B.R. 303, 305 (Bkrtcy.E.D.Mich.1983) ("If Congress had intended to permit a debtor to avoid a lien on all items kept in a household, there would have been no need to separately list property such as appliances, books, musical instruments or jewelry. Separately listing such items evidences an intent that not all property kept in the household is encompassed by the term household goods."); *In re Norman,* 32 B.R. 562, 568 (Bkrtcy.W.D.Mo.1983). By application of the same logic, it would appear that the rods and reels and the weight set cannot be regarded as property upon which a lien can be avoided under section 522(f)(2) of the Bankruptcy Code.

equity in said personal property; and therefore denies that Debtors are entitled to avoid Respondent's lien." But this is a defense which the governing decisions in this district do not honor. See the recent district court decision in *Matter of Johnson*, Civil Action No. 85–06152–CV–SJ–6 (W.D.Mo. Jan. 13, 1986), to the following effect:

> "The above-captioned bankruptcy appeal essentially asks this court to reconsider its decision in *Matter of Lovett*, 11 B.R. 123 (W.D.Mo.1981) (Sachs, J.), that for purposes of the lien avoidance provision of 11 U.S.C. section 522(f)(2), a debtor has an interest in property 'even though the creditor's loan may exceed the amount of the security.' Because the weight of authority supports my *Lovett* holding, and because I remain persuaded by the opinions consistent therewith, I decline the Government's invitation to restrict the 'interest' in property statutory language to the debtor's equity interest."

Cf. *Matter of Rasmussen*, 54 B.R. 965, 972 (Bkrtcy.W.D.Mo.1985) ("[F]our of the six circuits to decide the question have decided that equity is a necessary prerequisite to lien avoidance.") But this court is bound by the holdings of the district court in whose jurisdiction it participates. Accordingly, when the respondent otherwise admits the averments of the movants which, if true, would entitle them to relief, it is appropriate to grant the movants judgment in the nature of judgment on the pleadings and deny the motion to set aside default judgment avoiding lien filed by respondent on May 15, 1986, except with respect to the cameras, rods and reels and weight set.[2] Accordingly, it is hereby

ORDERED that the respondent's motion to set aside default judgment avoiding lien be, and it is hereby, denied, except with respect to the Polaroid camera, the Kodak instamatic, the rods and reels and the weight set, which are hereby excepted from lien avoidance.

2. See note 1, *supra.*