In re Christopher L. VAUGHN and Deborah K. Vaughn, Debtors.

Bankruptcy No. IP86–0953 S.

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

July 31, 1986.

Vincent S. Taylor, Bloomington, Ind., for debtors.

Richard W. Lorenz, Spencer, Ind., for Ideal Credit Corp.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER ON MOTION TO AVOID LIEN

NICHOLAS W. SUFANA, Bankruptcy Judge.

Christopher L. Vaughn and Deborah K. Vaughn ("Debtors") filed their motion to avoid the non-possessory, non-purchase money lien of Ideal Credit Corporation ("Ideal") on certain items on or about March 28, 1986. Ideal timely objected to the motion.

The matter came before this Court for hearing on July 11, 1986. The Debtors appeared in person and by counsel Vincent S. Taylor. Ideal appeared by its agent and

by counsel Richard W. Lorenz. After stipulating to certain facts, the parties presented evidence.

At the close of the hearing, the Court requested that the parties file proposed findings of fact and conclusions of law. The parties have since complied with that request. And the Court, having reviewed the evidence and having considered the arguments of counsel, now enters the following findings of fact:

### Findings of Fact

1. In November of 1985 the Debtors borrowed $512.69 from Ideal, and gave Ideal a security interest in a Sears stereo with two speakers, a cassette player, a turn table, and an Atari 800XL Computer. The loan proceeds did not serve as any part of the purchase money for any of these items.

2. Ideal properly perfected its security interest in all of the items.

3. The stereo, cassette player, and turn table are used by the Debtors in their residence for recreational and entertainment purposes.

4. The computer is attached to the Debtors' television, and is used to play video games.

Whereupon, the Court now makes the following conclusions of law:

### Conclusions of Law

1. This Court has jurisdiction over these parties. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the General Order of Referral from the Southern District of Indiana dated July 11, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. 11 U.S.C. § 522(f)(2)(A) allows a debtor to avoid a non-possessory, non-purchase money lien on "household goods" when such goods are "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

■ 3. When a state has opted out of the federal exemption statutes, property on which a lien is sought to be avoided must first be exempt under state law. *In re Wetzel,* 46 B.R. 254 (Bankr.W.D.Va.1984). Indiana has opted out of the federal exemption scheme, and Indiana Code Section 34–2–28–1(b) allows the Debtors to ·exempt $8000 of personal property. All of the items in which Ideal has a security interest can be exempted under state law. The only question then becomes whether the items qualify for lien avoidance under Section 522(f).

4. To qualify for lien avoidance, the property must fit within one of the categories of Section 522(f)(2)(A). The Debtors argue that the property qualifies as "household goods."

5. Ideal argues that the term "household goods" must be strictly construed to cover only those items necessary for the functioning of the household. *In re Martinez,* 22 B.R. 7 (Bankr.D.N.M.1982); *In re Ruppe,* 3 B.R. 60 (Bankr.D.Colo.1980). But a review of those and other cases reveals that such a limited interpretation is inappropriate.

6. In the *Ruppe* case, the Court decided that the debtor could not avoid the lien on a movie camera and two projectors because such items were recreational and not necessary to the operation of the household. However, the court allowed the debtor to avoid the lien on a television and a stereo, without noting the recreational purposes of those two items. In *Martinez,* the court refused to allow the debtor to designate an automobile as a household good, a result clearly intended by the legislative history to Section 522.

■ 7. To declare that only goods necessary for the operation of the household can qualify as "household goods" would be to ignore cases where non-necessary goods were given such status. See, for example, *In re Fisher,* 11 B.R. 666 (Bankr.D.Okla. 1981)—two air conditioners, a vacuum cleaner, a television, and a stereo all deemed "household goods"; *Matter of Luczak,* 16 B.R. 743 (Bankr.W.D.Wis.1982) —microwave a "household good". Further, such a rule would require the Court in

each case to determine whether each particular item is truly necessary to the operation of the household, an unenviable and nearly impossible task.

8. The more appropriate definition of "household goods" is a less restrictive one: "household goods" includes any personal property normally used by debtors or their dependents in or about their residence. *In re Coleman,* 5 B.R. 76 (Bankr.M.D.Tenn. 1980).

9. Here, all of the items would normally be used by debtors or dependents in or about their residence. Therefore, all of the items qualify as "household goods" and the Debtors are entitled to avoid Ideal's lien on those items.

10. Ideal relies upon 16 C.F.R. Section 444.1, the Federal Trade Commission's definition of "household goods". Such reliance is misplaced. First, that regulation is not an act of Congress binding on the bankruptcy courts, as Ideal suggests. Second, that regulation was promulgated for the purpose of clarifying the definition of "unfair trade practice." This Court will not adopt the FTC definition, and will continue to make a case-by-case determination of what qualifies as household goods under Section 522(f)(2)(A). *Matter of Smith,* 57 B.R. 330 (Bankr.N.D.Ga.1986).

### Order

Based upon the foregoing, it is ORDERED, ADJUDGED, AND DECREED that the motion to avoid the lien of Ideal Credit Corporation on the personal property of Christopher L. and Deborah K. Vaughn described above is GRANTED.