In re Steven J. BARRICK and Michelle L. Barrick, Debtors.

Steven J. BARRICK and Michelle L. Barrick, Movants,

v.

AVCO CONSUMER DISCOUNT COMPANY, Respondent.

No. 1–87–01128.

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 10, 1989.

Lawrence G. Frank, Harrisburg, Pa., for debtors.

John W. Thompson, Jr., York, Pa., for trustee.

MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

On November 10, 1987, Steven J. Barrick and Michelle L. Barrick filed a voluntary Chapter 7 petition. On December 15, 1987 debtors filed a Motion to Avoid the non-purchase money security interest of Avco Consumer Discount Company (Avco) in certain household goods and furnishings including a VCR and stereo unit. Avco objected to the motion on the basis that the property in which it had obtained a non-purchase money security interest in on December 1, 1986 was not exemptable under 11 U.S.C. § 522(d)(3) and that, therefore, its lien could not be avoided under 11 U.S.C. § 522(f)(2)(A).

The items covered by Avco's security interest are as follows:

(1) Firearms
(2) Hunting equipment
(3) Stereo
(4) VCR

11 U.S.C. § 522(d)(3) and (f)(2)(A) are the applicable Code provisions:

(d) The following property may be exempted under subsection (b)(1) of this section:

. . . . .

(3) The debtor's interest, not to exceed $200 in value in any particular item or $4,000 in aggregate value in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

. . . . .

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a non-possessory, non-purchase money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;[1]

■ Avco's position is that this Court should adopt the definition of household goods as found in the regulations of the Federal Trade Commission. Two recent cases have rejected this argument.

*In Matter of Smith,* 57 B.R. 330 (Bkrtcy. N.D.Ga.1986), the Court stated:

The FTC has adopted the following definition of household goods:

Household goods. Clothing, furniture, appliances, one radio and one television, linens, china crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents, provided that the following are not included within the scope of the term "household goods": (1) Works of art; (2) Electronic entertainment equipment (except one television and one radio); (3) items acquired as antiques; and (4) jewelry (except wedding rings).

16 C.F.R. § 444.1(i). This definition was adopted in conjunction with the FTC's promulgation of the rule that the taking of a non-possessory, non-purchase money blanket security interest in household goods constitutes an unfair trade practice and is thus prohibited. This rule became effective March 1, 1985.

Respondents urge this Court to adopt this definition of household goods and reject the heretofore case-by-case approach used by most bankruptcy courts in determining what constitutes household goods for the purposes of § 522(f)(2)(A). Although the Court acknowledges that the purpose of § 522(f)(2)(A) and that of the new FTC ruling may be the same (i.e., to limit the reach of security interest in household

goods which have little value to the creditors but which would place a great burden on the consumer if such goods were taken to satisfy the liens), this Court will not be bound by the rulings of an agency unless directed by Congress to follow same. Therefore, the Court declines to accept the definition of household goods promulgated by the FTC and will continue to make a case-by-case determination of what constitutes household goods for the purposes of § 522(f)(2)(A).

*Id.* at 331.

As the Smith court pointed out, the FTC adopted this definition to prohibit creditors from taking non-purchase money security interests in household goods. Most household goods no matter how defined have little resale value. They are, however, expensive to replace. Security interests in these items therefore are useful in coercing payment but not as collateral to secure a loan. In this particular case the following values were given to the items listed in the security agreement:

| Item | Value |
|---|---|
| (1) Firearm | $150.00 |
| (2) Hunting equipment | 150.00 |
| (3) Stereo equipment | 800.00 |
| (4) VCR | 250.00 |
| TOTAL | $1,350.00 |

■ I recognize that some cases have advocated a strict construction of the definition of household goods. In *In re Martinez,* 22 B.R. 7, 8 (Bkrtcy.D.N.M.1982) the Court held, "The term 'household goods' as used in 11 U.S.C. § 522(f)(2)(A) (1978) must be strictly construed and must include only those items necessary to the functioning of a household." In *In Matter of Vittetoe,* 64 B.R. 111 (Bkrtcy.W.D.Mo.1986), the Court held that cameras, rods and reels and a weight set were personal property and not household furnishings or household goods.

I believe the more reasonable approach however is to the contrary. In *In re Coleman,* 5 B.R. 76, 79 (Bkrtcy., M.D.Tenn. 1980) the Court held that household goods

---

1. 11 U.S.C. § 522(b) authorizes states to establish their own exemptions. While the majority of states have done so Pennsylvania has not and thus the federal exemptions are applicable. It should be noted that even if a state has established its own exemptions the lien avoidance provisions of 11 U.S.C. § 522(f) are applicable.

and household furnishings as used in 11 U.S.C. § 522(d) and (f) should be given a liberal construction to include any personal property normally used by debtors or their dependents in or about their residence. *In re Vaughn*, 64 B.R. 213 (Bkrtcy.S.D.Ind. 1986) the Court held that lien avoidance was available to debtors for items which it specifically found were used for recreational and entertainment purposes such as a stereo, cassette player and turntable and a computer attached to a T.V. set to play video games. The Court adopted the liberal definition of *In re Coleman, supra.* It also rejected the definition established by the Federal Trade Commission:

> Ideal relies upon 16 C.F.R. Section 444.1, the Federal Trade Commission's definition of "household goods." Such reliance is misplaced. First, that regulation is not an act of Congress binding on the bankruptcy courts, as Ideal suggests. Second, that regulation was promulgated for the purpose of clarifying the definition of "unfair trade practice." This Court will not adopt the FTC definition, and will continue to make a case-by-case determination of what qualifies as household goods under Section 522(f)(2)(A). *Matter of Smith*, 57 B.R. 330 (Bankr.N. D.Ga.1986).

*Id.* at 215.

The testimony established that the hunting equipment was limited to clothing. Since hunting clothes are wearing apparel, the lien of Avco in hunting equipment will be avoided. Adopting the more liberal view, I determine that the stereo and VCR are household goods and therefore Avco's lien in these items will be avoided.

The gun on the other hand is not personal property normally used by the debtor in or about the residence. Even a Texas bankruptcy court has held that a gun is not a household good. *See In re Weaver*, 78 B.R. 135 (Bkrtcy.N.D.Tex.1987). In that case Judge Akard recognized the provincial argument contra to his holding:

> Given Texas' Western traditions, many Texans would argue that a firearm is as much a part of a house as a stove or refrigerator. Being a native Texan, this Judge can understand that feeling. The Debtors argue that with increasing crime rates, firearms should be considered the household goods. This Court feels that Congress was aware of both those arguments and would have included firearms in § 522(f) with specificity had it wished to adopt those arguments.

*Id.* at 139, n. 6.

I conclude that a gun is not a household good within the meaning of 11 U.S.C. § 522(d)(3) or (f)(2)(A) and Avco's lien will not be avoided in the gun. An appropriate order will be entered.