In re Gary L. WHEELER, Debtor.

Bankruptcy No. 91–31195.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 12, 1992.

See also 140 B.R. 446.

Elliot H. Feit, Toledo, Ohio, for debtor.

John J. Hunter, Toledo, Ohio, Trustee.

Richard J. Szczepaniak, Toledo, Ohio, for Beneficial Ohio, Inc.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. Section 506(d) and Section 522. A Hearing was held and the parties filed Briefs on the issue. The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion should be Denied.

## DISCUSSION

Gary Wheeler, Debtor, granted Beneficial Ohio, Inc. [hereinafter "Beneficial"] a consensual non-purchase money security interest in the Debtor's personal property, to wit: Three (3) fishing rods, One (1) tent, Two (2) sleeping bags, One (1) camera, and various Craftsman tools. The Debtor filed a Motion to avoid this lien asserting that these items were household goods and that Beneficial's lien impaired the Debtor's exemption in these items. The Debtor contended that the United States Supreme Court decision of *Owen v. Owen,* — U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), overruled the Sixth Circuit decision of *In re Pine,* 717 F.2d 281 (6th Cir.1983). The Debtor also contended that the items in question fit the category of household goods as they were primarily held for the personal use of the Debtor and the Debt-

or's family. Beneficial argued that *Owen* left *Pine* intact. Beneficial also argued that the items it had a lien on did not fit into category of household goods.

The determination of whether a lien can be avoided as to property which a debtor alleges to be a household good involves a two step inquiry. First, the Court must determine whether the property is a "household good." If this inquiry is answered in the affirmative, the Court must then determine whether the property is "held primarily for the personal, family or household use of the [debtor]," as required by statute. *See,* Ohio Rev.Code Ann. § 2329.66(A)(4)(b). If both of these steps are answered in the affirmative, the Court must determine whether the lien can be avoided in light of *Owen.* This Court does not believe that the items securing Beneficial's lien fit the definition of household goods and need not discuss the application of *Owen.*

 The fact that certain items are found in many or most homes does not automatically qualify those items for household goods status. Neither does the fact that a debtor may use those items in the debtor's household or personal activities. Rather, a factual determination must be made on a case-by-case basis. This Court adopts the "household goods" definition found in *In re Barnes,* 117 B.R. 842 (D.Md.1990). In that case, the United States Bankruptcy Court for the District of Maryland defined "household goods" as "items of personal property reasonably necessary for the day-to-day existence of people in the context of their homes." *Barnes,* at 847. Based upon the evidence before it, this Court cannot find that the items in question are household goods. Even the Debtor would be hard pressed to make an argument that fishing rods, sleeping bags, tents, tools, and a camera are household goods under this definition. Since the first step has been answered in the negative, the Court need not continue its inquiry.

In reaching the conclusions found herein, this Court has considered all of the evidence and arguments of counsel regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtor's Motion be, and is hereby, Denied.