**In re Gary L. WHEELER, Debtor.**

**Bankruptcy No. 91–31195.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 12, 1992.

See also, 140 B.R. 445.

Elliot H. Feit, Toledo, Ohio, for debtor.

John J. Hunter, Toledo, Ohio, Trustee.

Howard Hershman, Toledo, Ohio, for City Loan Financial Services, Inc.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. Section 506(d) and Section 522. A Hearing was held and the parties filed Briefs on the issue. The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion should be Granted.

## DISCUSSION

Gary Wheeler, Debtor, granted City Loan Financial Services, Inc. [hereinafter "City Loan"] a consensual non-purchase money security interest in the Debtor's personal property. The property consisted of household goods and furnishings, which are exempt from the Debtor's estate. *See,* Ohio Rev.Code Ann. § 2329.66. City Loan stipulated that this property fit the definition of exemptible household goods found in the O.R.C. and in Section 522 of the Bankruptcy Code.

The Debtor filed a Motion to avoid this lien asserting that the lien impaired the exemption. The Debtor contended that the United States Supreme Court decision of *Owen v. Owen,* —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), overruled the Sixth Circuit decision of *In re Pine,* 717 F.2d 281 (6th Cir.1983). City Loan argued that *Owen* left *Pine* intact.

The Sixth Circuit Court of Appeals in *Pine* held that creditors in states which "opt out" of the federal exemption statute are entitled to retain their non-possessory, non-purchase money security interest in the debtor's household goods. Ohio has chosen to "opt out" of the federal scheme as evidenced by Section 2329.66 of the Ohio Revised Code. In *Spears,* the Sixth Circuit Court of Appeals held that "[u]nder Ohio law, a debtor may exempt only an interest in property that is not subject to any third party liens." *In re Spears,* 744 F.2d 1225 (6th Cir.1984).

The Supreme Court in *Owen* dealt with the debtor's ability to avoid third-party liens on the ground that these liens impair the debtor's exemption, despite the fact that the state exemption law preserves the pre-existing liens. The Supreme Court held that debtors can avoid such liens under Section 522(f) of the Bankruptcy Code, stating that

> The point of § 522(f) is ... to provide that the debtor may avoid the fixing of a lien....
>
> \*   \*   \*   \*   \*   \*

This reading (of Section 522(f) of whether the lien impairs the exemption to which the debtor *would* otherwise *have been* entitled *but for* the lien in question) must also be accepted, at least with respect to the federal exemptions, if § 522(f) is not to become an irrelevancy with respect to the most venerable, most common and most important exemptions. The federal exemptions for homestead (§ 522(d)(1)), for motor vehicles (§ 522(d)(2)), for household goods and wearing apparel (§ 522(d)(3)), and for tools of the trade (§ 522(d)(6) are all defined by reference to the debtor's "interest" or "aggregate interest," so that if respondent's interpretation is accepted, no encumbrances of these could be avoided. Surely § 522(f) promises more than that—and surely it would be bizarre for the federal scheme to prevent the avoidance of liens on those items, but to permit it for the less crucial items (for example, an "unmatured life insurance contract owned by the debtor," § 522(d)(7)) that are not described in such fashion as unquestionably to exclude liens.

We have no doubt, then, that the lower courts' unanimously agreed-upon manner of applying § 522(f) to federal exemptions—ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien—is correct. The question then becomes whether a different interpretation should be adopted for State exemptions. We do not see how that could be

possible. Nothing in the text of § 522(f) remotely justifies treating the two categories of exemptions differently. The provision refers to the impairment of "exemption[s] to which the debtor would have been entitled under subsection (b)," and that includes federal exemptions and state exemptions alike.

*Owen*, — U.S. at — – —, 111 S.Ct. at 1837–38, 114 L.Ed.2d at 359–60 (citations omitted).

In light of this decision, the Court believes that *Pine* and *Spears* are no longer controlling law in relation to Section 522(f) avoidance of lien motions. *See, also In re Sullins*, 135 B.R. 288 (Bankr.S.D.Ohio). Therefore, City Loan's lien can be avoided, and the Debtor's Motion should be granted.

In reaching the conclusions found herein, this Court has considered all of the evidence and arguments of counsel regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtor's Motion be, and is hereby, Granted.