John C. Intagliata, Toledo, Ohio, for ITT Financial Services.

Elliot Feit, Toledo, Ohio, for debtors.

Elizabeth A. Vaughan, Toledo, Ohio, Trustee.

**In re Kevin and Lisa BRUBAKER, Debtors.**

**Bankruptcy No. 91–33694–S.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 28, 1992.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Avoid Lien pursuant to 11 U.S.C. Section 506(d) and Section 522. A Hearing was held and the parties filed citation lists on the issue. The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion should be Granted, in part, and Denied, in part.

### DISCUSSION

Kevin and Lisa Brubaker, Debtors, granted ITT Financial Services [hereinafter "ITT"] a consensual non-purchase money security interest in the Debtors' personal property, to wit: One (1) television (in excess of one), One (1) VCR, One (1) stereo, various tools, and various video tapes. The Debtors filed a Motion to avoid this lien asserting that these items were household goods and that ITT's lien impaired the Debtors' exemption in these items. ITT also filed an Objection to Debtors' Motion to avoid the lien arguing that the items it had a lien on did not fit into the category of household goods.

This Court has adopted the definition of "household goods" found in *In Re*

*Barnes,* 117 B.R. 842 (Bkrtcy.D.Md.1990). *See, In re Wheeler,* 140 B.R. 445 (N.D.Ohio 1992). In *Barnes,* the United States Bankruptcy Court for the District of Maryland defined "household goods" as "items of personal property reasonably necessary for the day-to-day existence of people in the context of their homes." *Barnes,* at 847. Based upon the evidence before it, this Court cannot find that more than one television and that tools are household goods.

This Court believes that only one television can be considered a household good. *See In re McKaskle,* 117 B.R. 671 (Bkrtcy. N.D.Okla.1990), *In re Michalak,* 101 B.R. 276 (W.D.Okla.1988).

■ This Court has already found that tools cannot be considered household goods. *See In re Wheeler,* 140 B.R. 445 (N.D.Ohio 1992).

■ However, the Court has found that, in this case, One (1) VCR, One (1) stereo, and various video tapes are household goods. *See In re Fisher,* 11 B.R. 666 (Bkrtcy.W.D.Okla.1981) [stereo]; *In re Gray,* 87 B.R. 591 (Bkrtcy.W.D.Mo.1988) [VCR and stereo]; *In re Vaughen,* 64 B.R. 213 (Bkrtcy.S.D.Ind.1986) [stereo]; *In re Barrick,* 95 B.R. 310 (Bkrtcy.M.D.Pa.1989) [VCR and stereo]; *In re Barnes,* 117 B.R. 842 (Bkrtcy.D.Md.1990), *In re Bowen,* 82 B.R. 102 (Bkrtcy.E.D.Mo.1988) [VCR].

In reaching the conclusions found herein, this Court has considered all of the evidence and arguments of counsel regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtors' Motion be, and is hereby, Granted, in part, and Denied, in part.

It is FURTHER ORDERED that the Court finds that the following items are household goods:

One television (not in excess of one), One stereo, and various video tapes.

It is FURTHER ORDERED that the Court finds that the following items are not household goods:

One television (in excess of one) and various tools.