**In re Warren and Vicki LYNCH, Debtors.**

**Bankruptcy No. 91–33673–7–S.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 28, 1992.

Richard J. Szczepaniak, Toledo, Ohio, for Beneficial Ohio, Inc.

William L. Swope, Lima, Ohio, for debtors.

Bruce C. French, Lima, Ohio, trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Avoid Lien pursuant to 11 U.S.C. Section 522(f). A Hearing was held and the parties filed citation lists on the issue. The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Debtors' Motion should be Granted, in part, and Denied, in part.

## DISCUSSION

Warren and Vicki Lynch, Debtors, granted Beneficial Ohio Inc. [hereinafter "Beneficial"] a consensual non-purchase money security interest in the Debtors' personal property, to wit: One (1) AM/FM amplifier receiver, One (1) CD player, Two (2) speakers, One (1) tape deck, Two (2) ruby and diamond rings, One (1) ruby and diamond necklace, One (1) watch, and Two (2) cameras, and various tapes, CDs, and records. The Debtors filed a Motion to avoid this lien asserting that these items were household goods and that Beneficial's lien impaired the Debtors' exemption in these items. Beneficial also filed an Objection to Debtors' Motion to avoid the lien arguing that the items it had a lien on did not fit into the category of household goods.

This Court has adopted the definition of "household goods" found in *In re Barnes,* 117 B.R. 842 (Bkrtcy.D.Md.1990).

*See, In re Wheeler,* 140 B.R. 445 (N.D.Ohio 1992). In *Barnes,* the United States Bankruptcy Court for the District of Maryland defined "household goods" as "items of personal property reasonably necessary for the day-to-day existence of people in the context of their homes." *Barnes,* at 847. Based upon the evidence before it, this Court cannot find that the following items are household goods: Two (2) ruby and diamond rings, One (1) ruby and diamond necklace, One (1) watch, and Two (2) cameras. *See In re Wheeler,* 140 B.R. 445 (N.D.Ohio 1992) [cameras].

■ However, the Court has found that, in this case, the following items are household goods: One (1) AM/FM amplifier receiver, One (1) CD player, Two (2) speakers, One (1) tape deck and various tapes, CDs, and records. *See In re Gray,* 87 B.R. 591 (Mo.1988), *In re Fisher,* 11 B.R. 666 (Bkrtcy.D.Okla.1981), *In re Vaughn,* 64 B.R. 213 (Bkrtcy.S.D.Ind.1986), *In re Barrick,* 95 B.R. 310 (M.D.Pa.1989) [stereos].

In reaching the conclusions found herein, this Court has considered all of the evidence and arguments of counsel regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtors' Motion be, and is hereby, Granted, in part, and Denied, in part.

It is FURTHER ORDERED that the Court finds that the following items are household goods:

One AM/FM amplifier receiver, One CD player, Two speakers, One tape deck, and various tapes, CDs, and records.

It is FURTHER ORDERED that the Court finds that the following items are not household goods:

Two ruby and diamond rings, One ruby and diamond necklace, One watch and Two cameras.