### In re JACKSON, Arlen and Jackson, JoAnn, Debtors.

### Bankruptcy No. 92–00951–7.

United States Bankruptcy Court, D. Idaho.

Oct. 8, 1992.

---

Kenneth S. Bridgeman, Coeur d'Alene, Idaho, for debtors.

Ford Elsaesser, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

In their schedules the chapter 7 debtors, Arlen Jackson and JoAnn Jackson, each claim a $1,500.00 exemption in the same automobile for a total claimed exemption in the automobile of $3,000.00. The chapter 7 trustee objects to the amount of the claimed exemption, contending the debtors are entitled only to the $1,500.00 exemption as afforded by Idaho Code § 11–605(3).[1]

Each debtor filing a joint petition is entitled to claim exemptions. 11 U.S.C. § 522(m);[2] *In the Matter of Franco*, 91 I.B.C.R. 126 (Bankr.D.Idaho 1991).

While joint debtors may not allocate their individual $1,500.00 exemptions among different motor vehicles (*In re Franco, supra; In re Hart*, 91 I.B.C.R. 159 (Bankr.D.Idaho 1991)), Idaho Code § 11–605 does not preclude the debtors from applying each of their exemptions to the same motor vehicle, or each individual exemption to a separate motor vehicle.

Accordingly, the objection of the trustee to the claim of exemption will be denied. A separate order will be entered.

---

1. Idaho Code § 11–605(3) provides:

(3) An individual is entitled to exemption, not exceeding one thousand dollars ($1,000) in aggregate value, of implements, professional books, and tools of the trade; and to an exemption of one (1) motor vehicle to the extent of a value not exceeding one thousand five hundred dollars ($1,500).

2. 11 U.S.C. § 522(m) provides:

(m) Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.