In re Mark J. SZYDLOWSKI and Patricia E. Szydlowski, Debtors.

Bankruptcy No. 94–31926.

United States Bankruptcy Court, N.D.Ohio, Western Division.

June 23, 1995.

Jonathan B. Cherry, Toledo, OH, for debtors.

Richard Szczepaniak, Toledo, OH, for Beneficial Mtg. Co. of Ohio.

John N. Graham, Trustee, Toledo, OH.

### *MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). A Hearing was held on the Request of Beneficial Mortgage Co., and the Parties were instructed to file briefs. The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds

that Debtor's Motion should be granted in part, and denied in part.

## FACTS

Mark and Patricia Szydlowski, the Debtors in this case, granted Beneficial Mortgage Co. of Ohio (hereinafter "Beneficial") a consensual non-purchase money security interest in certain articles of personal property. The secured property consists of the following items: three television sets, two video cassette recorders, one video game, one lawn edger, and a video cassette library. The Debtors have since separated, and were living apart at the time of the filing of their joint petition on August 9, 1994. The Debtors have filed for divorce and presently maintain separate households. The Debtors are responsible for one dependent child.

The Debtors' filed a Motion to Avoid Liens on the aforementioned collateral pursuant to 11 U.S.C. 522(f), asserting that these items were household goods and that the lien impaired the Debtors' exemption in these items. Beneficial contends that the items do not fit into the category of "household goods," and that therefore the Beneficial's lien does not impair an exemption of the Debtor's.

## LAW

The Bankruptcy Code and the Ohio Revised Code provide in pertinent part as follows:

**11 U.S.C. § 522. Exemptions.**

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed either in paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Bankruptcy Rules, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree of the alternative to be elected, they shall be deemed to elect paragraph (1),

where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the later of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from the process under applicable non-bankruptcy law.

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . .

(2) a nonpossessory, nonpurchase-money security interest in any . . .

(A) household furnishings, household goods, . . . [or] appliances . . . held primarily for the personal, family, or household use of the debtor or a dependant of the debtor.

(m) Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.

**Ohio Rev.Code 2329.66. Property that person in this state may hold exempt.**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment order, as follows:

(4)(b) Subject to division (A)(4)(d) of this section, the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, households goods, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held primarily for the personal, family, or household use of a person.

**Ohio Rev.Code 2329.66. Property that person in this state may hold exempt.**

Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(d).

### DISCUSSION

Determinations as to the extent of exemptions are core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

■ The initial issue before the Court is whether co-debtors filing jointly, but maintaining separate homes, may each claim an individual exemption for certain household goods. This Court has previously found that under the exemptions provisions in Ohio Revised Code § 2329.66, only one exemption, for example in a single television, was applicable for joint debtors because they maintained only one home. *In re Brubaker,* 140 B.R. 460, 461 (Bankr.N.D.Ohio 1992). Duplicates of such items were not found to be "necessary" household goods, and therefore not entitled to a second exemption. *Id.* In this case, the Joint Debtors have separated and thus claim that they should each be entitled to exempt one television (and other items), as each requires one such item for the necessity of maintaining a home.

■ Under the Federal exemptions provided in the Bankruptcy Code, the household exemptions would apply to each debtor in a joint case separately. 11 U.S.C. § 522(m). Thus, joint debtors entitled to claim federal exemptions are each entitled to full exemption rights. *Matter of Allen,* 725 F.2d 290 (5th Cir.1984). See also *John T. Mather*

*Memorial Hospital, Inc. v. Pearl,* 723 F.2d 193 (2d Cir.1983); *In re Jackson,* 147 B.R. 49 (Bankr.D.Idaho 1992); *In re Rizzo,* 21 B.R. 913 (Bankr.W.D.N.Y.1982).

Because Ohio has "opted out" of the federal exemptions pursuant to 11 U.S.C. § 522(b), it is necessary to look to Ohio law to determine if joint debtors in Ohio are likewise allowed to use their full exemption rights separately. This Court believes they are. The exemptions claimed in this case arises under Ohio Revised Code § 2329.66(A), which specifically states that "every person" who is domiciled in this state may hold property exempt if such property is provided for in a following subsection. Furthermore, subsection 2329.66(A)(4)(b), which provides for a Two Hundred Dollar ($200.00) per item exemption for household goods, speaks in term of a "person's interest," implying that joint debtors are entitled to use their exemptions separately. For these reasons, this Court holds that each debtor in this case are entitled to the full amounts of their household exemptions provided for in the Ohio Revised Code.

■ The second issue before the Court is whether the specific property of the debtors can be exempted from the Bankruptcy Estate under O.R.C. § 2329.66(A)(4), and if so, whether Beneficial's lien as to the exempted property can be avoided under § 522(f) of the Bankruptcy Code. The Supreme Court in *Owen v. Owen* held in order to apply the bankruptcy lien avoidance provision, the items subject to the lien must be property that the debtor would have an exemption in but for the lien itself. *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In making this determination, the Maryland District Court in *In re McGreevy* explained:

Lien avoidance in bankruptcy proceedings under Chapter 7 of the Bankruptcy Code is a two step process. First the property subject to the lien must qualify as exempt from the bankrupt's estate under either state or federal law. Second the lien itself must qualify as an avoidable lien under federal law. Although state law governs the determination of what property is exempt for debtors in 'opt out' states, federal

law determines what pre-existing liens may be avoided. *McGreevy v. ITT Financial Services,* 130 B.R. 200 (D.Md.1991).

■ In the instant case, it is clear that the consensual non-purchase money security interest Beneficial holds in the debtor's property is a lien that is avoidable under federal law. 11 U.S.C. § 522(f). The dispositive issue is then which items of debtor's property are exempt "household goods" pursuant to O.R.C. § 2329.66(A)(4)(a). That provision of the Ohio Code provides that the debtors may exempt items of property, to the extent of Two Hundred Dollars ($200.00) in any particular item, if those items are household furnishings, household goods, appliances, etc., that are held primarily for the personal, family, or household use of the person. This implies a two part inquiry, that the items first be "household goods", and second that they be intended for personal or household use. *In re Wheeler,* 140 B.R. 446 (Bankr. N.D.Ohio 1992).

■ In *Wheeler,* this Court stated that, "[T]he fact that certain items are found in many or most homes does not automatically qualify those items for household good status. Neither does the fact that a debtor may use those items in the debtor's household or personal activities. Rather, a factual determination must be made on a case-by-case basis." *Id.* This Court, upon making its factual determination of whether debtor's property is a "household good," has adopted the definition of household goods found in *In re Barnes,* 117 B.R. 842, 847 (Bankr.D.Md. 1990). In *Barnes,* the United States Bankruptcy Court for the District of Maryland defined "household goods" as "items of personal property reasonably *necessary* for the day to day existence of people in the context of their homes." See also *In re Lynch,* 139 B.R. 868 (Bankr.N.D.Ohio 1992). The "necessary" requirement advances a primary objective of the Bankruptcy Code of ensuring that debtors are able to make a fresh start after bankruptcy, while requiring them to include property in the bankruptcy estate that they do not need.

Courts have repeatedly found TV's and VCR's to be "necessary" property and thus are deemed to be "household goods". *Lynch,* 139 B.R. at 868; *Barnes,* 117 B.R. at 842; *In re Gray,* 87 B.R. 591 (Bankr.D.Mo. 1988); *In re Fisher,* 11 B.R. 666 (Bankr. D.Okla.1981); *In re Barrick,* 95 B.R. 310 (Bankr.M.D.Pa.1989). In certain circumstances a video game may be considered a household good particularly in households where the debtors have dependent children. *In re Vaughn,* 64 B.R. 213 (Bankr.S.D.Ind. 1986). This Court has also found CD's, records, and tapes to be "household goods". *Lynch,* 139 B.R. at 869.

■ In the instant case, the Court finds that each Debtor can elect to avoid Beneficial's lien as to one TV and one VCR. Additionally, the Joint Debtor intending to retain custody of the Joint Debtors' minor child may also avoid Beneficial's lien as to the video game and the video cassette library. This Court cannot find that a third TV and the lawn edger are household goods, and therefore Beneficial's lien cannot be avoided as to these items. As previously mentioned, the fact that the items in question are found in many or most homes does not automatically qualify them for "household good" status. *Wheeler,* 140 B.R. at 445. An extra TV set in a household is a luxury item and is not necessary for the debtors' fresh start. *In re Brubaker,* 140 B.R. 460 (Bankr.N.D.Ohio 1992); *In re McKaskle,* 117 B.R. 671 (Bankr. N.D.Okla.1990); *In re Michalak,* 101 B.R. 276 (W.D.Okla.1988). This Court has held in the past that tools are not household goods. *Brubaker,* 140 B.R. at 461; *Wheeler,* 140 B.R. at 446. Hence, it can hardly be argued that a lawn edger is a "necessary" household good.

In reaching the conclusion found herein, the Court has considered all of the evidence, including the arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Debtors' Motion Seeking Avoidance of Lien be, and is hereby **GRANTED** in part, and **DENIED** in part.

It is **FURTHER ORDERED** that each of the Joint Debtors may claim an exemption in one television set and one video cassette

recorder. Additionally, the Debtor who is to retain custody of the Debtors' minor child may claim an exemption in the video game and the video cassette library. Accordingly, Beneficial Mortgage Co. of Ohio's lien on these items shall be, and is hereby, *AVOIDED.*

It is **FURTHER ORDERED** that the Court finds that the Debtors may not claim an exemption in the third television set and the lawn edger.