J. Baxter SCHILLING,
Trustee, Plaintiff,

v.

Long T. TRAN, et al., Defendants.

Civil Action No. 3:02CV–66–S.

United States District Court,
W.D. Kentucky,
at Louisville.

Dec. 2, 2002.

J. Baxter Schilling, Louisville, KY, for Plaintiff.

David Marcus Cantor, Seiller & Handmaker, Louisville, KY, for Defendants.

### MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on appeal from the November 13, 2001 order of the United States Bankruptcy Court overruling the Chapter 7 Trustee's objection to the exemptions claimed by the debtors in their 1995 Taurus automobile.

The debtors, Long T. Tran and Khanh Thi Hong Phan, husband and wife, filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code on June 27, 2001. In their Schedule C–Exemptions, they listed a 1995 Ford Taurus automobile valued at $4,500.00. They claimed that the entire value of the vehicle was exempt pursuant to Kentucky Revised Statutes Annotated ("KRS") 427.010(1) which provides:

> The following personal property of an individual debtor resident in this state is exempt from execution, attachment, garnishment, distress, or fee-bill:
>
> ... one (1) motor vehicle and its necessary accessories, including one (1) spare tire, not exceeding in the aggregate two thousand five hundred dollars ($2,500) in value ...

The debtors each claimed this exemption in the vehicle, thus exempting the entire claimed value of $4,500.00. There does not appear to be any controlling authority on the question as to their entitlement to each take this exemption.

The Trustee objected on the ground that the vehicle was titled to the debtors in the alternative, arguing that their ownership was thus not joint ownership, and therefore only one exemption could be claimed. He argued that by titling the vehicle in the names of Long Tran *or* Khanh Phan, their ownership of the vehicle lacked a unity of interest, and either owner was free to possess and dispose of the vehicle. He postulated that only one debtor could assert ownership, and therefore an exemption, at a time.

■ This appeal involves an issue of law, and therefore is subject to *de novo* review by the district court. *In re Baker & Getty Financial Services, Inc.*, 106 F.3d 1255, 1259 (6th Cir.), *cert. denied sub nom., WesBanco Bank Barnesville v. Customer Creditors,* 522 U.S. 816, 118 S.Ct. 65, 139 L.Ed.2d 27 (1997). The bankruptcy court was required to first determine the debtors' interests and rights in the property under Kentucky law. *In re Terwilliger's Catering Plus, Inc.,* 911 F.2d 1168, 1171 (6th Cir.1990). Pursuant to KRS 427.170, Kentucky has opted out of the exemptions afforded debtors under 11 U.S.C. § 522(d). Thus, the bankruptcy court correctly looked to KRS 427.010 for the motor vehicle exemption under Kentucky law.

■ The bankruptcy court cited KRS 186.010(7) which provides that an "owner" of a vehicle is a "person who holds the legal title of a vehicle ..." Both Long Tran and Khanh Phan are listed as owners on the Kentucky certificate of title. KRS 186.010(7) is therefore dispositive of the question of ownership of the vehicle in this case. It is undisputed that both husband and wife are owners. The ownership of this vehicle need not be further defined for purposes of evaluation of the claimed exemption in bankruptcy.

The Trustee is correct that they do not share a unity of interest and either is free at any given time to dispose of the vehicle without the involvement of the other. However, these factors do not affect ownership of the vehicle; only the power to dispose of it. Contrary to the suggestion of the Trustee, possession of the vehicle by one owner does not negate or diminish the ownership interest of the other, as evidenced by the certificate of title. There is no evidence in this case that one owner possessed the vehicle to the exclusion of the other.

■ The court need only conclude that both Long Tran and Khanh Phan own the vehicle to determine that they are each entitled to claim an exemption in bankruptcy. Nothing in the language of KRS 427.010(1) indicates that only one owner may claim an exemption in a vehicle. Each of these debtors has, at the same

time, individual rights to ownership and possession of the vehicle. As such, each is entitled to the exemption. The Trustee has not presented any Kentucky authority suggesting that only one of the owners may claim an individual exemption in the vehicle. A number of other jurisdictions permit co-owners to claim individual exemptions, and we find nothing in the Bankruptcy Code to preclude this. *In re Jackson,* 147 B.R. 49 (Bankr.D.Idaho 1992); *In re Thorpe,* 251 B.R. 723 (Bankr.W.D.Mo. 2000); 11 U.S.C. § 522(m)(Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.").

For the reasons set forth hereinabove, the order of the United States Bankruptcy Court will be affirmed. A separate order will be entered this date in accordance with this opinion.