In re Joseph V. ANDERSHONIS, Debtor.

Local Union No. 38, Sheet Metal Workers' International Assoc., AFL–CIO, Objector,

v.

Joseph V. Andershonis, Respondent.

Bankruptcy No. 5–03–bk–53616.

United States Bankruptcy Court, M.D. Pennsylvania.

July 29, 2004.

Vincent Rubino, Newman Williams Mishkin Corveleyn et al., Stroudsburg, PA, for Debtor.

## OPINION [1]

JOHN J. THOMAS, Chief Judge.

Presently before this Court is Local Union No. 38, Sheet Metal Workers' International Association, AFL–CIO ("Creditor") objection to Joseph V. Andershonis' ("Debtor") exemption in certain items of personal property. For the reasons articulated below, Creditor's objection is overruled.

### BACKGROUND

Debtor voluntarily filed a Chapter 7 bankruptcy petition on July 28, 2003. Debtor filed his Schedule B on September 12, 2001, in which he claimed exemptions under § 522(d)(3) of the Bankruptcy Code ("Code") in a shotgun, pistol, two (2) rifles, AK–47, two (2) fishing rods, and two (2) fishing reels valued at $1,100.00.

Creditor filed the present objection based on its belief that these items do not fall within the perimeters of § 522(d)(3) and the exemptions, as claimed, are improper.

A hearing was held on March 11, 2004 whereby neither party presented evidence. The parties were instructed to file briefs

---

1. Drafted with the assistance of Wendy E. Morris, Law Clerk.

within thirty (30) days and the matter was taken under advisement.

### JURISDICTION

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and this Court has jurisdiction under 28 U.S.C. § 1334 and Middle District of Pennsylvania Standing Order Misc. 84–0203 to render a decision.

### DISCUSSION

Section 522(d)(3) provides, in part:

(d) The following property may be exempted under section (b)(1) of this section:

. . .

(3) The debtor's interest . . . in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

11 U.S.C. § 522(d)(3).

Relying on limited case law, Creditor advances the argument that firearms, fishing rods and reels are *per se* not "household goods" under § 522(d)(3). However, the Court refuses to embrace a *per se* rule

that these items are not "household goods" under the section.

■ The phrase "household goods" is not defined in the Code. Courts are split over what meaning should be attributed. Some courts apply a "necessity test"[2] whereas others utilize a more liberal or broader approach.[3] However, this Court rejects those approaches in favor of the "functional-nexus" test advanced by the Fourth Circuit Court in *McGreevy*.

In *McGreevy*, the Fourth Circuit Court rejected a *per se* rule that firearms can never constitute "household goods" under § 522(f). *See* 955 F.2d at 962. Instead, the Court advocated a "functional nexus" test as a more appropriate definition of "household goods." Under this test, "household goods" represent:

those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself.

955 F.2d at 961–62.

This functional nexus "exists where— and only where—the good is used to sup-

---

**2.** Under this test, a court focuses on whether the item is a good found and used in or around the debtor's home and whether it is necessary to the debtor's fresh start. *See generally McGreevy v. ITT Fin. Serv. (In re McGreevy)*, 955 F.2d 957, 959 (4th Cir.1992); *see also In re Szydlowski*, 186 B.R. 907, 911 (Bankr.N.D.Ohio 1995). A number of courts adopting this analysis have concluded that firearms are *per se* not "household goods." *See e.g. Oswald v. ITT Financial Serv.*, 85 B.R. 541, 543 (W.D.Mo.1986); *In re Wicker*, 1992 WL 247105*1 (Bankr.N.D.Ohio 1992); *In re Greenlee*, 61 B.R. 257, 258 (Bankr.D.Colo. 1986); *In re Noggle*, 30 B.R. 303, 305–06 (Bankr.E.D.Mich.1983); *accord In re Oglesby*, 98 B.R. 960, 961–62 (Bankr.E.D.Mo.1989); *In re Weaver*, 78 B.R. 135, 139 (Bankr. N.D.Tex.1987).

**3.** The more liberal or broader interpretation classifies "household goods" as "any personal property normally used by debtors or their dependents in or about their residence." *Caruthers v. Fleet Finance, Inc. (In re Caruthers)*, 87 B.R. 723, 728 (Bankr.N.D.Ga.1988); *see also In re Champion*, 94 B.R. 709, 711–12 (Bankr.S.D.Ala.1998); *Heights Fin. Corp. v. Barley (In re Barley)*, 74 B.R. 450, 452 (Bankr. N.D.Ind.1987). At least one court has concluded under this test that firearms are *per se* not "household goods." *See Barrick v. Avco Consumer Discount Co. (In re Barrick)*, 95 B.R. 310, 313 (Bankr.M.D.Pa.1989)(Woodside, Bankr. J.).

port and facilitate daily life within the house. It is the household good's use for these purposes that distinguishes it from a good that is merely located and used within the house." *Id.* at 961. Any definition that does not incorporate a functional nexus analysis between the item and the household fails to apply the "the ordinary, common-sense meaning that was intended by Congress." *Id.* at 961 (relying on *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)).

Although *McGreevy* dealt with the definition of "household goods" with respect to § 522(f), the language contained therein is relatively identical to that used by Congress in § 522(d)(3).[4] This Court will therefore apply this definition of "household goods" in the case at bar.

■ Furthermore, any classification of an item as a "household good," for purposes of § 522, "will necessarily depend in whole or in part upon the cultural environment of the debtor or the geographic location of the debtor's household." *Id.* at 962. As such, any determination on this issue must be made on a case-by-case basis. *See In re Raines*, 161 B.R. 548, 550 (Bankr.N.D.Ga.1993).

■ With respect to the present case, the Creditor has not advanced any evidence that would refute Debtor's entitlement to his exemption claims. In addition to the burden of proving an exemption invalid, any party objecting to a debtor's claimed exemption bears the burden of *going forward* with evidence to rebut the presumption that a claimed exemption is valid. *See* Fed.R.Evid. § 301; *Bankr. Evid. Manual*, § 301.59 (West 2004); Fed. R. Bankr.Pro. 4003(c); *accord Lampe v. Williamson (In re Lampe)*, 331 F.3d 750,

754 (10th Cir.2003). Creditor presented nothing more than a legal argument premised on its position that the items at issue are *per se* not "household goods" under § 522(d)(3). Because this Court declines to embrace this position, Creditor bears the burden of proving that the Debtor is not properly entitled to the claimed exemptions. Creditor has failed to present any evidence that any of the items do not fall under the purview of a "household good" under § 522(d)(3). Creditor's objection to Debtor's exemptions is therefore overruled.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that Local Union No. 38, Sheet Metal Workers' International Association, AFL–CIO's Objection to Debtor's Exemptions (Doc. # 11) is overruled.

---

4. For comparison, § 522(f) provides in relevant part:
 household furnishings, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor. 11 U.S.C. § 522(f)(2)(A)(i).